Tom L. Lewis
2715 Park Garden Lane
Great Falls, MT 59404
406-899-2968
marias.ridge.ranch@gmail.com

Nicholas P. Scarpelli, Jr.
   (*pro hac vice*)
Carney Badley Spellman, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104
206-607-4124
scarpelli@carneylaw.com

*Attorneys for Maria Dalbotten*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MARIA DALBOTTEN, | 1:20-cv-00034-SPW |
| Plaintiff, | |
| v. | |
| C. R. BARD, INC. and BARD PERIPHERAL VASCULAR, INC., | **PLAINTIFF'S PRELIMINARY PRETRIAL STATEMENT** |
| Defendants. | |

Plaintiff Maria Dalbotten, by and through her Counsel, pursuant to Local

Rule ("L.R.") 16.2 (b), hereby submits her Preliminary Pretrial Statement.

**(A)  Brief factual outline of the case.**

 This is a complex products liability case involving Bard's G2 Inferior Vena Cava (IVC) filter, a prescription medical device surgically implanted in the Plaintiff. On July 11, 2016, Plaintiff directly filed the above-styled case as a member action in multi district litigation, *In re Bard IVC Filters Products Liability Litigation*, MDL 2641 (D. Ariz.).  On March 20, 2020, the case was remanded and transferred to this Court for pretrial proceedings and trial by Second Amended Suggestion of Remand and Transfer Order (Third), Case No. 2:15-md-02641-DGC, MDL Doc. 21462 (D. Ariz. Mar. 20, 2020).

The IVC is a large vein that returns blood to the heart from the lower body. An IVC filter is a small device implanted in the IVC intended to catch blood clots before they reach the heart and lungs.  There are multiple versions of Bard's IVC filters – SNF, the Recovery, G2, G2X, Eclipse, Meridian, and Denali.  These filters are umbrella-shaped devices that have multiple limbs fanning out from a cone-shaped head.  The limbs consist of legs with hooks that attach to the IVC wall and curved arms to catch or break up blood clots.  Each of these filters is a variation of its predecessor.

The MDL plaintiffs alleged that Bard filters were unreasonably dangerous because of their high risks of tilting, perforating the IVC, fracturing and migrating and imbedding in vital organs of the body.  MDL plaintiffs further alleged that

Bard failed to warn patients about these risks.  Defendants dispute these allegations, contending that Bard filters are safe and effective, that their complication rates are low, and that the medical community is aware of the risks associated with IVC filters.

While this case pended with thousands of other cases in the MDL, the MDL Court supervised general issue/generic discovery, and conducted three bellwether trials, only one of which involved the G2 Inferior Vena Cava Filter like the one involved in this case, resulting in a substantial compensatory and punitive damage verdict.  More than a thousand cases were settled while pending before the MDL. Most of those that were not settled, like the case at bar, have been transferred by multiple transfer orders to appropriate jurisdictions around the country for discovery, workup, and eventual trial.

These transfer orders contain a comprehensive description of the history of the litigation, the claims and defenses asserted by the parties in the MDL, various case management orders entered in the MDL, the status of general common fact and expert discovery conducted in the MDL, summaries of bellwether cases that went to trial, and the Court's rulings on various matters deemed common to all cases.

Dalbotten contends that to the extent the MDL Court's rulings applied the substantive law of other states, and not Montana substantive law, they are not

binding on this Court and are subject to further review.  Dalbotten also contends that the Defendants have an ongoing duty to supplement all of their discovery responses to MDL written discovery.  In particular, Defendants should timely supplement their disclosures of adverse event data.  Any new medical literature published since 2017 should be added to the reliance lists of general experts, and general experts should be allowed to expand their trial testimony from the MDL to include a discussion of such new literature.

### (B)  Basis for federal jurisdiction and for venue in the division

Plaintiff and Defendant are citizens of different states.  Maria Dalbotten is a citizen of Washington. Defendant C.R. Bard, Inc. is a citizen of Delaware and has its principal place of business in Murray Hill, New Jersey.  Defendant Bard Peripheral Vascular, Inc. is a citizen of Arizona with its principal place of business in Maricopa County, Arizona. Installation of the Bard G2 filter in Maria Dalbotten's inferior vena cava occurred in Billings, Yellowstone County, Montana. Plaintiff has suffered damages in an amount that exceeds $75,000.00, the minimum jurisdictional requirement for diversity jurisdiction of this Court.

This Court has jurisdiction over this case under 28 U.S.C. §1332 because Defendants' acts and omissions gave rise to accrual of Dalbotten's claim in Montana.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2)

because a substantial part of the event or omissions giving rise to the claim occurred in this District.

**(C)    Factual basis of each claim or defense advance by the party**.

On August 23, 2006, John R. Craig, M.D. at the Billings Clinic placed a C. R. Bard G2 IVC filter in Maria Dalbotten incident to treatment for traumatic cervical and brain injuries.  After the implant and while Maria was still unconscious, her mother was given a brochure intended for Maria entitled "G2 Filter System for Permanent Placement" published by the Defendants that specifically advised Dalbotten as follows: "The G2 Vena Cava Filter is designed to be a permanent implant and does not need to be removed, repositioned, or replaced."  Neither this brochure nor the Defendants by any other means at any time disclosed to or warned Dalbotten that Bard G2 IVC filters could fracture, fragment and migrate to other parts of the body including her heart.

In December 2008, Maria began feeling tightness and pain in her chest.  On Christmas morning 2008, she was seen at a hospital in Vancouver, Washington where chest x-rays were taken along with an EKG.

In late December 2008, Maria returned to her then residence in Santa Monica, California.  After arriving in Santa Monica, because she was having difficulty breathing with pain in her chest and a fainting episode, she was hospitalized at UCLA Medical Center from December 30, 2008 until January 9, 2009, with

complaints of chest pain and fluid build-up around her heart and lungs.  Thereafter, she was treated by UCLA medical personnel on an outpatient basis. The medical staff at UCLA could not specifically diagnose her medical problem but thought Maria might have a viral infection.  The medical records note various assessments, including pericardial effusion, pleural effusion, and even lupus (SLE).  Maria was also told she might have a cancer malignancy.   The fear and anxiety Maria experienced given the suspicion of cancer was made more intense because of the cognitive problems related to her TBI.  Maria did not understand what was ailing her and continued to obsess and to worry about her condition.

After seeing a television report in the summer of 2015 disclosing to her for the first time that Bard IVC filters could fracture and migrate to various parts of patients' bodies, Maria contacted Harborview Medical Center in Seattle, Washington in December of 2015 and subsequently learned that her IVC filter had in fact fragmented.

In mid-March 2016, portions of the fragmented G-2 filter were removed from Maria's body by William Kuo, MD, at Stanford Health Center.  However, a fragment that had lodged in Maria's heart was not removed by Dr. Kuo.  The remaining filter fragment lodged in Maria's heart was removed at the University of Washington Medical Center (Seattle) in May 2016.

Maria has incurred over $185,000 in medical bills as a result of the medical

*Plaintiff's Preliminary Pretrial Statement-6*

problems she has experienced with the G-2 filter.  She has suffered mental and physical pain and anxiety.

At all times relevant to this action the Defendants were engaged in the business of fabricating, modifying, labeling, distributing, supplying, selling, packaging, marketing and advertising multiple inferior vena cava (IVC) filters including the G2 IVC filter implanted in Plaintiff Maria Dalbotten.  Defendants knew and intended that the above G2 IVC filter would be used without inspection for defects therein and without knowledge of the hazards involved in such use.  The Defendants distributed and sold the G2 IVC filter implanted in Dalbotten IVC.

This product when used for the Defendants' intended purpose was defective and unreasonably dangerous in that it causes serious injury to humans and did so to this Plaintiff.  The G2 IVC filter implanted in the Plaintiff was defective at the time it left the possession of the Defendants and caused serious injury to Dalbotten while being used in a reasonably foreseeable manner, thereby rendering the G2 IVC filter defective and unreasonably dangerous as a matter of law.

Plaintiff Maria Dalbotten did not know of the substantial danger of usage and implantation of the G2 IVC filter, nor was that danger recognizable to her.  The Defendants failed to warn Dalbotten of the risk of harm caused by their G2 IVC filter.  As a direct and proximate result of the implantation of the defective and unreasonably dangerous G2 IVC filter into her body, Plaintiff suffered damages.

*Plaintiff's Preliminary Pretrial Statement-7*

The G2 IVC filter implanted in the Plaintiff was in a defective condition to Dalbotten because it was dangerous to an extent beyond that anticipated by an ordinary user.  At the time the Defendants sold the G2 IVC filter implanted in the Plaintiff the product was in a defective condition because of manufacturing defect in that the product failed to conform to its design and caused injury to the Plaintiff. At the time of the sale of the G2 IVC filter implanted in the Plaintiff the product was in a defective condition because of its design and the design of the product caused injury to the Plaintiff.

The Defendants sold the G2 IVC filter implanted in the Plaintiff in a defective condition because of a failure to adequately warn of those dangers which would not be readily recognized by the ordinary user of the product, and the failure to provide adequate warning caused injury to the Plaintiff.

Plaintiff's resulting damages were caused and enhanced by the Defendants' intentional and malicious actions and omissions.  The Defendants both knew of facts and intentionally disregarded facts that created the high probability of injury to Maria Dalbotten; deliberately proceeded to act in conscious and intentional disregard of that high probability of injury to Dalbotten; and deliberately proceeded to act with indifference to the high probability of injury to her. As a direct and proximate result of the Defendants' intentional and malicious acts and omissions, Maria Dalbotten suffered enhanced damages.

*Plaintiff's Preliminary Pretrial Statement-8*

The Defendants acted with utter and complete disregard for the rights and interests of Dalbotten. The conduct of the Defendants was so malicious and egregious as to justify an award of punitive or exemplary damages in amount to be determined by a jury in order to punish the Defendants and to serve as an example to such Defendants and other similarly situated entities that conduct of the kind engaged in by the Defendants is unacceptable in our society and will not be tolerated.

**(D)    Legal Theory Underlying Plaintiff's Claims**

Plaintiff will proceed with three strict products liability claims: manufacturing defect, design defect, and failure to warn defect. Plaintiff's counsel has not yet made a decision as to whether the other theories pursued by some MDL plaintiffs will be asserted in this case. MDL plaintiff's included multiple negligence counts; two breach of warranty counts (express and implied); two fraud counts (fraudulent misrepresentation and fraudulent concealment); and an unfair and deceptive trade practices count. Some of these theories may not be viable under Montana substantive law. Plaintiff also presents a punitive and exemplary damages claim based on Defendants' fraudulent and malicious acts and omissions.

**(E) Computation of damages**

The Plaintiff in this case seeks compensatory damages for physical and mental pain and suffering; loss of enjoyment of established way of life; and reimbursement for past and future medical expenses. Plaintiff's medical expenses to date exceed

$180,000.00.  Plaintiff will seek compensatory damages of $2.5 million.  Plaintiff also seeks punitive or exemplary damages based on the Defendants' actual malice or fraud as defined by § 27-1-221, MCA.  Defendants' conduct was so wanton and egregious that a very substantial amount of punitive damages must be awarded to punish these Defendants and deter and discourage them and others similarly situated from engaging in such misconduct in the future.  Plaintiff seeks punitive damages against each Defendant in the amount of $10 Million.  Plaintiff seeks prejudgment interest as permitted by law; and for costs of suit incurred herein.

**(F) Pendency or disposition of any related state or federal litigation**

As stated above, this is one of thousands of cases that were filed in MDL 2641. Plaintiff and her counsel are aware of two Bard IVC filter cases pending in this Court assigned to Honorable Judge Susan P. Waters:

Grace M. Fairhurst v. C. R. Bard Incorporated, et al., Case No. 1:19-cv-00116-SPW-TJC, and

Paulette Temple v C. R. Bard Inc., et al, Case No. 1:19-cv-00091-SPW-TJC.

**(G)   Proposed additional Stipulations of fact not included in the Statement of Stipulated Facts**

Plaintiff filed the Statement of Stipulated Facts on May 12, 2020.  Plaintiff believes there are multiple additional facts to which the Defendants should stipulate because they are undeniably true, including:

1. Plaintiff's claims and Bard's defenses are governed by the substantive law of the State of Montana.

2. Bard G2 IVC filter that is the product involved in this legal action was designed by Bard.

3. The Bard G2 IVC filter that is the product involved in this legal action was manufactured by Bard.

4. Bard marketed the Bard G2 IVC filter that is the product involved in this legal action.

5. Bard sold the Bard G2 IVC filter that is the product involved in this legal action.

6. The Bard G2 IVC is a medical device designed to be implanted in the inferior vena cava of the human body.

7. On August 23, 2006, John Craig, M.D., implanted a Bard G2 IVC filter into the inferior vena cava of Maria Dalbotten.

8. Bard was the manufacturer of the G2 IVC filter John Craig, M.D., implanted in the inferior vena cava of Maria Dalbotten on August 23, 2006.

9. Bard was the seller of the G2 IVC filter John Craig, M.D., implanted in the inferior vena cava of Maria Dalbotten on August 23, 2006.

*Plaintiff's Preliminary Pretrial Statement-11*

10.  On March 10, 2016, William Kuo, M.D., performed surgery on
Maria Dalbotten in order to remove an embedded Bard G2 IVC filter.

11.  On March 10, 2016, William Kuo, M.D., performed surgery on
Maria Dalbotten including complex retrieval of previously fractured
Bard G2 IVC filter arms.

12.  On May 20, 2016, Nabush Mokadam, M.D., performed surgery on
Maria Dalbotten in order to remove a fractured and embedded Bard
G2 IVC filter component from the right ventricle of Maria Dalbotten's
heart.

13.  Bard is in the business of selling Bard IVC filters for implantation
into human inferior vena cavas.

14. Bard marketed and represented the Bard G2 IVC filter implanted in
Maria Dalbotten to be a safe and effective medical device for
permanent placement only.

15.  At the time the Bard G2 IVC filter was implanted in Maria Dalbotten
the safety and effectiveness of the G2 Filter System for use as a
retrievable or temporary filter was not established.

16.  Bard published and distributed the attached pamphlet entitled: "G2
Filter System for Permanent Placement" including "Patient Questions
& Answers" designated Lot GFQB2932.

*Plaintiff's Preliminary Pretrial Statement-12*

**(H)    Proposed deadlines relating to joinder of parties or amendment of the pleadings.**

The parties agreed in their Joint Discovery Plan that June 30, 2020 should be the last day to join any additional parties or amend the pleadings. Plaintiff's counsel seeks direction concerning the Court's normal practice related to amendments to pleadings. Will the Court require a formal motion for leave to file amended pleadings before the amendment deadline, or is it this Court's practice to allow amended pleadings without motion if filed on or before the deadline?

**(I) Identification of controlling issues of law suitable for pretrial disposition.**

None at this time.

**(J) Name and city and state of current residence of each individual known or believe to have information that may be used in proving Plaintiff's claims and a summary of that information.**

Plaintiff presently believes the following individuals may have discoverable factual information that Plaintiff may use to support her claims:

Plaintiff, Maria Dalbotten
c/o Tom L. Lewis, P.C.

She will testify regarding her medical care and treatment. In addition, she is expected to testify regarding the nature, extent, and severity of her injuries and suffering, as well as the physical and mental pain, suffering and

*Plaintiff's Preliminary Pretrial Statement-13*

discomfort associated with the injuries.  She will testify as to her fear upon learning of the potential for Bard G2 IVC filters to fracture, migrate and become lodged in various parts of the body.  She will testify concerning how her life was shaken and greatly disturbed by the fracture of her G2 IVC filter and its migration and lodging in her heart.

> Doug Livas, Plaintiff's husband
> c/o Tom L. Lewis, P.C.

Mr. Livas can testify regarding the nature, extent, and severity of Plaintiff's injuries and suffering, as well as the physical and mental pain, suffering and discomfort associated with the injuries.

> Barbara Padden, Plaintiff's mother
> c/o Tom L. Lewis, P.C.

Ms. Padden can testify concerning her daughter's care and treatment. In addition, she is expected to testify regarding the nature, extent, and severity of Plaintiff's injuries and suffering, as well as the physical and mental pain, suffering and discomfort associated with the injuries.

> Dave Dalbotten, Plaintiff's father
> c/o Tom L. Lewis, P.C.

Mr. Dalbotten can testify concerning his daughter's medical care and treatment.  In addition, he is expected to testify regarding the nature, extent, and severity of Plaintiff's injuries and suffering, as well as the physical and mental pain, suffering and discomfort associated with the injuries.  Mr. Dalbotten is seriously ill and may not be available for trial testimony due to the nature and treatment of his illness.

> Albee Dalbotten Romero, Plaintiff's sister
> c/o Tom L. Lewis, P.C.

Ms. Romero can testify concerning her sister's medical care and treatment.  In addition, she is expected to testify regarding the nature, extent, and severity of Plaintiff's injuries and suffering, and limitations on Plaintiff's activities, as well as the physical and mental pain, suffering and discomfort associated with the injuries.

Alyssa Ablan
3211 South 34th St.
LaCrosse, Wisconsin 54601
310-210-6289

Ms. Alban is a friend of Maria Dalbotten who can testify concerning Plaintiff's physical chest pain and breathing difficulties during physical activity.

Gina Barsanti
116 Reservoir Road
San Raphael, CA 94901
650-922-8408

Ms. Barsanti is a friend of the Plaintiff.  Plaintiff believes Ms. Barsanti can testify that she visited the Plaintiff the night before her filter removal surgery at Stanford and that Ms. Barsanti may recall Plaintiff's fear of the upcoming surgery and her great disappointment that a filter fragment remained lodged in her heart at the conclusion of that surgery.

Sean Boyd
1127 Ocean Park Blvd., #4
Santa, Monica, CA 90405
805-234-1567

Plaintiff believes Mr. Boyd may be able to testify concerning some of Plaintiff's medical care and treatment.  In addition, he is expected to testify regarding the nature, extent, and severity of Plaintiff's injuries and suffering, as well as the physical and mental pain, suffering and discomfort associated with the injuries.

John Craig, M.D.
Northwest Montana Surgical Associates
1333 Surgical Services Drive
Kalispell, MT 59901
406-752-5000

Dr. Craig implanted into the Plaintiff's inferior vena cava the Bard G2 IVC filter that fractured and migrated to her heart and other parts of her

body.  It is believed his testimony will be consistent with his medical records.

William Kuo, M.D.
c/o Stanford Hospital,
450 Broadway Street,
Redwood City, CA 94063

On March 10, 2016, Dr. Kuo performed surgery on the Plaintiff to remove a fractured and embedded Bard G2 IVC filter and complex retrieval of two previously fractured filter arms.  He was unable to remove a fractured filter arm that had migrated to the right ventricle of Plaintiff's heart.  Dr. Kuo is expected to testify consistent with his medical records.

Nahush Ashok Mokadam, M.D.
U. W. Medicine
Harborview Medical Center
Northwest Hospital & Medical Center
University of Washington Physicians
Seattle, Washington

On May 20, 2016, Dr, Mokadam performed surgery on the Plaintiff to remove a fractured and embedded Bard G2 IVC filter component from the right ventricle of the Plaintiff's heart.  Dr. Mokadam is expected to testify consistent with his medical records.

Christopher R. Ingraham, MD
University of Washington Medical Center
Box 357115
Seattle, Washington

Dr. Ingraham has treated or consulted in the treatment of Maria Dalbotten.  He is expected to testify consistent with his medical records.

Robert C. Rostomily, MD
Dept of Neurology
University of Washington Medical Center
Seattle, Washington

*Plaintiff's Preliminary Pretrial Statement-16*

Dr. Rostomily has treated or consulted in the treatment of Maria Dalbotten.  He is expected to testify consistent with his medical records.

Alexa Gregory Martin PA
Dept of Neurology
University of Washington Medical Center
Seattle, Washington

Ms. Martin treated or consulted in the treatment of Maria Dalbotten. She is expected to testify consistent with her medical records.

Benjamin W. Lacey, MD
R 2 Rehabilitation Medicine
University of Washington Medical Center
Seattle, Washington

Dr. Lacey has treated or consulted in the treatment of Maria Dalbotten.  He is expected to testify consistent with his medical records.

Lisa Marie Bennett, MD
University of Washington Medical Center
Seattle, Washington

Dr. Bennett has treated or consulted in the treatment of Maria Dalbotten.  She is expected to testify consistent with her medical records.

Malcom Deng-Tee Taw, MD
UCLA Center for East- West Medicine
Los Angeles, California

Dr. Taw has treated or consulted in the treatment of Maria Dalbotten. He is expected to testify consistent with his medical records.

Raluca Arimie, MD
West Hills Hospital
7325 Medical Center Drive, Ste. 306
West Hills, CA 91307

Dr. Arimie has treated or consulted in the treatment of Maria Dalbotten and is expected to testify consistent with medical records related to such treatment.

Amanda Fox Steinberg
Department of Anatomic Pathology, Harborview Medical Center
UW Mailbox at HMC:  359791
Phone: 206-744-3145

Ms. Steinberg appears to be a custodian of the part of the G2 IVC filter that fractured and migrated to the heart of Maria Dalbotten.

Aral Griffen
Department of Anatomic Pathology
UW Mailbox at HMC:  359791
Phone (206)744-4343

Ms. Griffen is the manager of program operations for the specimen intake and administration for the Department of Anatomic Pathology, Harborview Medical Center, the present custodian of the part of the G2 IVC filter that fractured and migrated to the heart of Maria Dalbotten.

Defendants' Sales representative who interacted with Dr. Craig
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Plaintiff understands and believes that there was a sales representative of the Defendants who would have called on and made presentations to Dr. Craig and the other physicians at his practice during the relevant time period while Dr. Craig was practicing in Billings, Montana.  Plaintiff expects that sales representative will have knowledge regarding what information he or she provided to Dr. Craig and the other physicians at his practice during the relevant time period, what training and instructions he or she was given with respect to the sale and marketing of IVC filters, what internal communications and information he or she was given by Bard with respect to IVC filters, and the information regarding IVC filters of which he or she was aware during the relevant time period.

Regional manager for the above sales representative
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

*Plaintiff's Preliminary Pretrial Statement-18*

Plaintiff understands and believes that there was a regional sales manager for the sales representative at BPV who would have called on and made presentations to Dr. Craig and the other physicians at his practice during the relevant time period.  Plaintiff expects that regional sales manager will have knowledge regarding what information Bard provided to doctors, including Dr. Craig, during the relevant time period, what training and instructions sales representatives were given with respect to the sale and marketing of IVC filters, what internal communications and information Bard gave sales representatives with respect to IVC filters, and the information regarding IVC filters of which he or she and sales representatives were aware during the relevant time period.

James Adwers, M.D.
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Dr. Adwers was Staff Vice President, Corporate Medical Affairs for C.R. Bard from approximately 1992 to 2003.  Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his deposition taken on March 25, 2011, in *Lindsay, et al. v. C.R. Bard, Inc., et al.*, United States District Court, Southern District of New York, 1:09-cv-05475-SHS.

Shari Allen
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Ms. Allen was the Regulatory Affairs Manager for BPV in 2004 and the Director of Regulatory Affairs and Clinical for BPV in 2005 and 2006.  Plaintiff expects that Ms. Allen is knowledgeable regarding the matters that were the subject of her depositions taken on November 2, 2010, in *Newton v. C.R. Bard, Inc., et al.*, Superior Court of Arizona, Maricopa County, Case No. CV2009-019232, and October 9, 2013, in *Giordano v. C.R. Bard, Inc., et al.*, Superior Court of California, San Diego County, East County Regional Center, Case No. 00069363-CU-PO-EC.

William Altonaga, M.D.
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Dr. Altonaga was a consultant to and acting Medical Director for C.R. Bard beginning in 2001 and into 2004.  Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his deposition taken on October 22, 2013, in *Giordano v. C.R. Bard, Inc., et al.*, Superior Court of California, San Diego County, East County Regional Center, Case No. 00069363-CU-PO-EC.

Murray R. Asch, M.D.
c/o Lakeridge Health Corporation
Director of Interventional Radiology
580 Harwood Ave. S
Oshawa, ON L1S 2J4
(905) 683-2320

Dr. Asch is an Interventional Radiologist who was involved in a retrievability study for the Recovery filter. Plaintiff expects that Dr. Asch is knowledgeable regarding the matters that were the subject of his depositions taken on May 2, 2016, in *In re Bard IVC Filters Prod. Liab. Litig.*, MDL No. 2641, United States District Court, District of Arizona ("the Bard IVC Filter MDL") and January 5, 2011, in *Lindsay, et al. v. C.R. Bard, Inc., et al.*, United States District Court, Southern District of New York, Case No. 1:09-cv-05475-SHS.

Brett Baird
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Mr. Baird was a Senior Product Manager for BPV in 2007 and a Marketing Manager for BPV from 2008 through 2011. Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his deposition taken on June 9, 2016, in the Bard IVC Filter MDL.

Brian Barry
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Mr. Barry was the Vice President Regulatory/Clinical Affairs for Bard Access Systems from 1994 through 1997, Vice President Corporate Regulatory Affairs for C.R. Bard from 1997 through 2000, and Vice President of Regulatory Affairs and Clinical Affairs for C.R. Bard from 2003 to 2007. Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his deposition taken on January 31, 2014, in *Jones v. C.R. Bard, Inc.*, United States District Court, Northern District of Texas, Dallas Division, Case No. 3:13-cv-00599-K.

Jim Beasley
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Mr. Beasley was President of BPV from 2007 to 2012. Plaintiff expects that he is knowledgeable regarding Bard's IVC filters, including that Bard was aware of significant problems with its Recovery, G2, G2 Express, G2X, Eclipse, and Meridian filters, failed to take into account known and

*Plaintiff's Preliminary Pretrial Statement-20*

available information when designing these filters, failed to provide accurate information to doctors and patients regarding the safety and efficacy of these devices, and failed to take action to prevent patients from being harmed by them.

Kevin Boyle
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Mr. Boyle was Vice President of Research & Development at BPV from 2013 through 2015.  Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his deposition taken on February 2, 2017, in the Bard IVC Filter MDL.

Ann Bynon
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Ms. Bynon was Manufacturing Engineering Manager at BPV (IMPRA) from 1996 through 2003.  Plaintiff expects that Ms. Bynon is knowledgeable regarding the matters that were the subject of her deposition taken on May 17, 2016, in the Bard IVC Filter MDL.

Robert M. Carr, Jr.
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Mr. Carr has been an employee at BPV since 2002; prior to that, he was an employee at NMT working on filters.  At BPV, he was the Program Director for Research & Development from 2002 through 2010, Director Research & Development Biopsy from 2010 through 2012, Senior Director Research & Development Biopsy & Imaging from 2013 through 2014, and Vice President International since 2015.  Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his depositions taken on March 18, 2016, and January 19, 2017, in the Bard IVC Filter MDL; May 8, 2007, in *Hutson v. C.R. Bard, Inc., et al.*, Commonwealth of Kentucky, McCracken Circuit Court, Division II, Case No. 06-CI-680; March 4, 2010, in *Campbell v. C.R. Bard, Inc.*, Commonwealth of Kentucky, Scott Circuit Court, Division I, Case No. 08-CI-00541; September 23, 2010, in *Vedas v. C.R. Bard, Inc., et al.*, Superior Court of Arizona, Maricopa County, Case No. CV2010-019655; September 14, 2012, in *Albrecht, et al. v. Bard Peripheral Vascular, Inc.*, Circuit Court of Greene County, Missouri, Case. No. 1031-cv10504; April 17, 2013, in *Bouldry, et al. v. C.R. Bard, Inc., et al.*, United States District Court, Southern District of Florida, Case No. 12-809-51-CIV-Rosenbaum; October 25, 2013, in *Anderson v. C.R. Bard, Inc., et al.*, United States District Court, Eastern

*Plaintiff's Preliminary Pretrial Statement-21*

District of New York, Case No. CV11-2632 (DRH); November 5, 2013, in *Giordano v. C.R. Bard, Inc., et al.*, Superior Court of California, San Diego County, East County Regional Center, Case No. 00069363-CU-PO-EC; December 19, 2013, in *Payne v. C.R. Bard, Inc., et al.*, United States District Court, Middle District of Florida, Orlando Division, Case No. 6:11-cv-01582-Orl-37GJK; October 29, 2014, in *Tillman v. C.R. Bard, Inc.*, United States District Court, Middle District of Florida, Jacksonville, Case No. 3:13-cv-222-J-34-JBT; and December 19, 2014, in *Kilver v. C.R. Bard, Inc.*, United States District Court, Central District of Illinois, Case No. 1:13-cv-01219-MMM-JAG.

> Andrzej Chanduskzko
> c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Mr. Chanduskzko has been an employee of BPV since 2002; prior to that, he was an employee at NMT working on IVC filters. At BPV, he was a Senior Engineer, Research & Development Staff Engineer from 2004 through 2008, Staff Engineer from 2009 through 2014, and Principal Engineer since 2015. Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his depositions taken on September 22, 2010, in *Vedas v. C.R. Bard, Inc., et al.*, Superior Court of Arizona, Maricopa County, Case No. CV2010-019655, June 21, 2013, in *Anderson v. C.R. Bard, Inc., et al.*, United States District Court, Eastern District of New York, Case No. CV11-2632 (DRH), October 10, 2013, in *Phillips v. C.R. Bard, Inc.*, United States District Court, District of Nevada, Case No. 3:12-cv-00344-RCJ-WGC, and April 23, 2015, in *Arnold, et al. v. C.R. Bard, Inc., et al.*, United States District Court, Northern District of Texas, Dallas Division, Case No. 5:13-cv-00609-HLH.

> David Ciavarella, M.D.
> c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Dr. Ciavarella has been Vice President Corporate Clinical Affairs at C.R. Bard since 2004. Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his depositions taken on March 1, 2011, and August 29, 2012, in *Tyson v. C.R. Bard, Inc., et al.*, Superior Court of Arizona, Maricopa County, Case No. CV2010-011149, November 12, 2013, in *Giordano v. C.R. Bard, Inc., et al.*, Superior Court of California, San Diego County, East County Regional Center, Case No. 00069363-CU-PO-EC, and July 29, 2014, in *Coker v. C.R. Bard, Inc.*, et al., United States District Court, Northern District of Georgia, Atlanta Division, Case No. 1:13-cv-0515.

*Plaintiff's Preliminary Pretrial Statement-22*

Gary S. Cohen, M.D.
c/o Temple University
Medicine Education and Research Building (MERB)
3500 N. Broad Street
Philadelphia, PA 19140
(215) 707-4205

Dr. Cohen is an Interventional Radiologist at Temple University Hospital.  He was a consultant and key opinion leader for Bard on IVC filters.  Plaintiff expects that he is knowledgeable regarding the matters that were the subjec0t of his deposition taken on January 25, 2017, in the Bard IVC Filter MDL.

Robert Cortelezzi
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Mr. Cortelezzi was an employee at BPV from approximately 1990 to 2008; he was a Regional Manager from 2004 through 2008.  Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his deposition taken on November 11, 2016, in the Bard IVC Filter MDL.

Len DeCant
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Mr. DeCant was Vice President Research & Development for BPV from 2002 to 2007.  Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his deposition taken on May 24, 2016, in the Bard IVC Filter MDL.

John DeFord
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Mr. DeFord has been an employee of C.R. Bard since 2004; he is presently the Senior Vice President for Science, Technology, and Clinical Affairs and has held that position since approximately 2007; from 2004 to 2007, he was Vice President of Science and Technology.  Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his deposition taken on June 2, 2016, in the Bard IVC Filter MDL.  Mr. DeFord's MDL trial preservation deposition was taken on August 15, 2019,

Joe DeJohn
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Mr. DeJohn was Vice President Sales at BPV from 2000 to 2008. Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his deposition taken on June 17, 2016, in the Bard IVC Filter MDL.

Robert DeLeon
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Mr. DeLeon was an employee of BPV from 2001 to 2008; he held positions as District Manager and Regional Manager. Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his deposition taken on June 16, 2016, in the Bard IVC Filter MDL.

Mike DeTemple
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Mr. DeTemple was a Field Manager for BPV. Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his deposition taken on August 23, 2012, in *Vedas v. C.R. Bard, Inc., et al.*, Superior Court of Arizona, Maricopa County, Case No. CV2010-019655, and all related cross-noticed cases.

Brian Doherty
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Mr. Doherty was Director Domestic Sales at BPV in 2008 and 2009, Vice President Domestic Sales in 2010 and 2011, and Vice President Sales & Marketing in 2012. Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his deposition taken on September 19, 2016, in the Bard IVC Filter MDL.

Mary Edwards
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Ms. Edwards was Vice President Regulatory Affairs/Clinical Affairs at C.R. Bard from 1999 to 2005. Plaintiff expects that Ms. Edwards is knowledgeable regarding the matters that were the subject of her depositions taken on January 20, 2014, in *Giordano v. C.R. Bard, Inc., et al.*, Superior Court of California, San Diego County, East County Regional Center, Case No. 00069363-CU-PO-EC, and August 19, 2016, in the Bard IVC Filter MDL.

Thomas Ferari
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Mr. Ferari was an Engineer at BPV.  Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his depositions taken on October 20, 2010, in *Vedas v. C.R. Bard, Inc., et al.*, Superior Court of Arizona, Maricopa County, Case No. CV2010-019655, and all related cross-noticed cases and April 2, 2014, in *Coker v. C.R. Bard, Inc., et al.*, United States District Court, Northern District of Georgia, Atlanta Division, Case No. 1:13-cv-0515.

Matt Fermanich
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Mr. Fermanich was a Sales Representative at BPV.  Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his depositions taken on December 17, 2017, in *Henley v. C.R. Bard, Inc. et al.,* United States District Court for the Eastern District of Wisconsin, Case No. 2:14-cv-00059, and March 27, 2017, in the Bard IVC Filter MDL.

Kay Fuller
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Ms. Fuller was Senior Regulatory Specialist at BPV from 1999 through 2004.  Plaintiff expects that Ms. Fuller is knowledgeable regarding the matters that were the subject of her depositions taken on November 9, 2010, in *Newton v. C.R. Bard, Inc., et al.*, Superior Court of Arizona, Maricopa County, Case No. CV2009-019232, and January 11, 2016, in the Bard IVC Filter MDL.

Christopher Ganser
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Mr. Ganser was Vice President, Regulatory Science at C.R. Bard from 2005 through 2006 and Vice President Quality, Environmental Services, & Safety from 2007 through 2010.  Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his depositions taken on February 28, 2011, in *Newton v. C.R. Bard, Inc., et al.*, Superior Court of Arizona, Maricopa County, Case No. CV2009-019232, September 9, 2013, in *Anderson v. C.R. Bard, Inc., et al.*, United States District Court, Eastern District of New York, Case No. CV11-2632 (DRH), and October 11, 2016, in the Bard IVC Filter MDL.

Brooke Gillette
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Ms. Gillette was a Territory Manager at BPV. Plaintiff expects that Ms. Gillettte is knowledgeable regarding the matters that were the subject of her deposition taken on July 11, 2014, in *Rackliff v. C.R. Bard, Inc., et al.*, Arizona Superior Court, Maricopa County, Case No. CV2011-021206, and all related cross-noticed cases.

Holly Glass
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Ms. Glass was Vice President Government & Public Relations at C.R. Bard from 2002 through 2009. Plaintiff expects that Ms. Glass is knowledgeable regarding the matters that were the subject of her deposition taken on September 23, 2016, in the Bard IVC Filter MDL.

Chris Goodrow
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Mr. Goodrow was a Sales Representative at BPV. Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his deposition taken on March 18, 2014, in *Giordano, et al v. C.R. Bard, et al.*, San Diego Superior Court, East County Regional Center, Case No. 37-2011-00069363-CU-PO-EC, and all related cross-noticed cases.

David Micky Graves
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Mr. Graves was an Engineer at BPV beginning in 2004 to at least 2014. Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his deposition taken on February 27, 2014, in *Ocasio, et al. v. C.R. Bard, Inc., et al.*, United States District Court, Middle District of Florida, Tampa Division, Case No. 8:13-cv-01962-DSM-AEP.

Jason Greer
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Mr. Greer was a Sales Representative and then District Manager at BPV from 1999 through 2007. Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his depositions taken on June 20, 2010, in *Newton v. C.R. Bard, Inc., et al.*, Superior Court of Arizona, Maricopa County, Case No. CV2009-019232, October 22, 2010, in *Vedas v. C.R. Bard, Inc., et al.*, Superior Court of Arizona, Maricopa County, Case No. CV2010-019655, August 11, 2014, in *Barkley, et al. v. C.R. Bard, Inc., et al.*, Arizona Superior Court, Maricopa County, Case No. CV2011-021250,

and September 26, 2011, in *Tyson v. C.R. Bard, Inc., et al.*, Superior Court of Arizona, Maricopa County, Case No. CV2010-011149.

> Janet Hudnall
> c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Ms. Hudnall was an employee at BPV from 1998 to 2008; she held positions as Product Development Engineer, Product Manager, and Marketing Manager.  Plaintiff expects that Ms. Hudnall is knowledgeable regarding the matters that were the subject of her depositions taken on November 3, 2010, in *Newton v. C.R. Bard, Inc., et al.*, Superior Court of Arizona, Maricopa County, Case No. CV2009-019232, and November 1, 2013, in *Phillips v. C.R. Bard, Inc.*, United States District Court, District of Nevada, Case No. 3:12-cv-00344-RCJ-WGC.

> Brian Hudson
> c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Mr. Hudson was an employee at BPV from 1999 to 2012; he held positions as Quality Engineer, Senior Risk Manager, and Associate Director Quality Assurance.  Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his depositions taken on January 21, 2011, in *Tyson v. C.R. Bard, Inc., et al.*, Superior Court of Arizona, Maricopa County, Case No. CV2010-011149, and January 17, 2014, in *Giordano v. C.R. Bard, Inc., et al.*, Superior Court of California, San Diego County, East County Regional Center, Case No. 00069363-CU-PO-EC.

> John M. Kaufman, M.D.
> c/o OHSU, 3181 S.W. Sam Jackson Park Rd.
> Portland, Oregon 97239-3098
> Professor of Interventional Radiology, School of Medicine

Dr. Kaufman is the Director of the Dotter Interventional Institute, Oregon Health Science University, Portland, Oregon, and an Interventional Radiologist.  He was a consultant and key opinion leader for Bard on IVC filters.  Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his depositions taken on October 28, 2010, in *Vedas v. C.R. Bard, Inc., et al.*, Superior Court of Arizona, Maricopa County, Case No. CV2010-019655, and January 4, 2017, in the Bard IVC Filter MDL.

> Jennifer Kious, M.D.
> Santa Monica UCLA Medical Center
> Santa Monica, CA

Dr. Kious has treated or consulted in the treatment of Maria Dalbotten.  She is expected to testify consistent with her medical records relating to Plaintiff's care and treatment.

Michael Lazarus, M.D.
Santa Monica UCLA Medical Center
Santa Monica, CA \

Dr. Lazarus has treated or consulted in the treatment of Maria Dalbotten.  He is expected to testify consistent with his medical records relating to the Plaintiff's care and treatment.

John Lehman, M.D.
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Dr. Lehman was Group Medical Director and Vice President of Medical Affairs for C.R. Bard from 1991 to 1995; he was a consultant and acting Medical Director for C.R. Bard in 2003 and 2004.  Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his depositions taken on April 2, 2013, in *Phillips v. C.R. Bard, Inc.*, United States District Court, District of Nevada, Case No. 3:12-cv-00344-RCJ-WGC, and all related cross-noticed cases and August 7, 2014, in *Coker v. C.R. Bard, Inc.*, et al., United States District Court, Northern District of Georgia, Atlanta Division, Case No. 1:13-cv-0515.

Bill Little
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Mr. Little was Vice President of Global Marketing at BPV from 2008 through 2011.  Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his deposition taken on July 21, 2016, in the Bard IVC Filter MDL.

Judy Ludwig
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Ms. Ludwig is an employee of Bard working in post-market surveillance since 2002.  Plaintiff expects that Ms. Ludwig is knowledgeable regarding the matters that were the subject of her deposition taken on July 27, 2016, in the Bard IVC Filter MDL.

Frank Lynch, M.D.
Penn State College of Medicine
500 University Drive
Hershey PA 17033
(717) 531-5415

Dr. Lynch is an Interventional Radiologist at Penn State Hospital.  He was a consultant and key opinion leader for Bard on IVC filters.  Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his deposition taken on January 30, 2017, in the Bard IVC Filter MDL.

Frank Madia
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Mr. Madia was an Engineer – Team Leader at BPV.  Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his deposition taken on April 1, 2014, in *Coker v. C.R. Bard, Inc., et al.*, United States District Court, Northern District of Georgia, Atlanta Division, Case No. 1:13-cv-0515.

John McDermott
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Mr. McDermott was President of BPV from 1996 through 2006. Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his depositions taken on November 1, 2010, in *Tyson v. C.R. Bard, Inc., et al.*, Superior Court of Arizona, Maricopa County, Case No. CV2010-011149, and February 5, 2014, in *Giordano v. C.R. Bard, Inc., et al.*, Superior Court of California, San Diego County, East County Regional Center, Case No. 00069363-CU-PO-EC.

Chad Modra
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Mr. Modra was Director Quality Assurance and Vice President Quality Assurance at BPV from 2011 through 2014.  Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his depositions taken on March 28, 2013, in *Phillips v. C.R. Bard, Inc.*, United States District Court, District of Nevada, Case No. 3:12-cv-00344-RCJ-WGC, June 6, 2014, in *Ocasio, et al. v. C.R. Bard, Inc., et al.*, United States District Court, Middle District of Florida, Tampa Division, Case No. 8:13-cv-01962-DSM-AEP, and December 15, 2015, and January 20, 2016, in the Bard IVC Filter MDL.

Avijit Mukherjee
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Mr. Mukherjee was a Program Manager at BPV from 2004 through 2005.  Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his deposition taken on January 26, 2011, in *Lindsay v. C.R. Bard, Inc., et al.*, United States District Court, Southern District of New York, Case No. 1:09-cv-05475-SHS.

James Edward (Paddy) O'Brien
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Mr. O'Brien was an employee at BPV from 2004 through 2015; he held various positions, including Quality Technician, Engineer, Director of Sales Biopsy, and Vice President Sales.  Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his deposition taken on September 21, 2010, in *Vedas v. C.R. Bard, Inc., et al.*, Superior Court of Arizona, Maricopa County, Case No. CV2010-019655.

Shari Allen O'Quinn
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Ms. O'Quinn's trial preservation deposition was taken on October 21, 2019.

Daniel Orms
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Mr. Orms was an employee of BPV from 1997 through 2012 as a Sales Representative, District Manager, and Regional Manager.  Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his deposition taken on August 16, 2016, in the Bard IVC Filter MDL.

David Peeler, M.D.
Delta Medical Center, Radiology
3000 Getwell Rd.
Memphis, TN 38118
(901) 369-8560

Dr. Peeler is an Interventional Radiologist in Memphis, Tennessee. He is a consultant and key opinion leader for Bard on IVC filters.  Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his deposition taken on December 6, 2016, in the Bard IVC Filter MDL.

Abithal Raji-Kubba
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Ms. Raji-Kubba was Vice President Research & Development at BPV from 2007 through 2010 and Vice President Lutonix Technology Center from 2011 through 2012. Plaintiff expects that Ms. Raji-Kubba is knowledgeable regarding the matters that were the subject of her deposition taken on July 18, 2016, in the Bard IVC Filter MDL.

Michael Randall
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Mr. Randall has been an employee of BPV in the Research & Development department since 2006; he has held several positions, including Engineer, Program Manager, Associate Director, and Director. Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his depositions taken on January 18, 2017, and February 2, 2017, in the Bard IVC Filter MDL.

Scott Randall
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Mr. Randall has been an employee of BPV in the Research & Development department since 1994; he has held several positions, including Program Manager and Associate R&D Director, and Director R&D from 2015 through present. Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his deposition taken on January 24, 2017, in the Bard IVC Filter MDL.

Adrian Ravenscroft
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Mr. Ravenscroft was a Consultant for Bard. Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his deposition taken on October 21, 2010, in *Tyson v. C.R. Bard, Inc., et al.*, Superior Court of Arizona, Maricopa County, Case No. CV2010-011149.

Kim Romney
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Ms. Romney has been an employee of BPV since 2011 and is presently a Senior Product Manager for Ports and Filters. Plaintiff expects that Ms. Romney is knowledgeable regarding the matters that were the

subject of her depositions taken on August 30, 2016, September 7, 2016, and January 18, 2017, in the Bard IVC Filter MDL.

Tim Ring
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Mr. Ring is the Chief Executive Officer at C.R. Bard and has been so throughout the relevant time period. Plaintiff expects that his testimony at trial will include that Bard was aware of significant problems with its Recovery, G2, G2 Express, G2X, Eclipse, Meridian, and Denali filters, failed to take into account known and available information when designing these filters, failed to provide accurate information to doctors and patients regarding the safety and efficacy of these devices, and failed to take action to prevent patients from being harmed by them.

R. J. Rollins, M.D.
Billings Clinic P. O. Box 35100
Billings, MT 59107

Dr. Rollins has treated or consulted in the treatment of Maria Dalbotten. He is expected to testify consistent with his medical records relating to Plaintiff's care and treatment.

Tony Sanford
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Mr. Sanford was a Quality Engineering Manager at BPV beginning in April 2002. Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his deposition taken on September 22, 2010, in *Vedas v. C.R. Bard, Inc., et al.*, Superior Court of Arizona, Maricopa County, Case No. CV2010-019655.

Gin Schultz
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Ms. Schultz was Vice Present Quality Assurance at BPV from 2005 to 2011 and in the Quality Assurance department at C.R. Bard since 2011, including as Vice President Quality Assurance. Plaintiff expects that Ms. Schultz is knowledgeable regarding the matters that were the subject of her depositions taken on September 13, 2013, in *Anderson v. C.R. Bard, Inc., et al.*, United States District Court, Eastern District of New York, Case No. CV11-2632 (DRH), and January 30, 2014, in *Phillips v. C.R. Bard, Inc.*,

United States District Court, District of Nevada, Case No. 3:12-cv-00344-RCJ-WGC.

Kevin Shifrin
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Mr. Shifrin was the Vice President of Marketing at BPV from 2002 to 2008.  Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his deposition taken on September 8, 2016, in the Bard IVC Filter MDL.

S. William Stavropoulos, M.D.
c/o Hospital of the University of Pennsylvania
Department of Radiology
1 Silverstein
3400 Spruce Street
Philadelphia, PA 19104
Office: 215-662-6839

Dr. Stavropoulos is an Interventional Radiologist at the University of Pennsylvania.  He was a consultant and key opinion leader for Bard on IVC filters.  Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his depositions taken on April 13, 2011, in *Newton v. C.R. Bard, Inc., et al.*, Superior Court of Arizona, Maricopa County, Case No. CV2009-019232, October 16, 2012, in *Campbell v. C.R. Bard, Inc.*, Commonwealth of Kentucky, Scott Circuit Court, Division 1, Case No. 08-CI-00541, and February 22, 2017, in the Bard IVC Filter MDL.

Robert D. Suh, M.D.
Santa Monica UCLA Medical Center
Santa Monica, CA

Dr. Suh has treated or consulted in the treatment of Maria Dalbotten. He is expected to testify consistent with his medical records relating to the Plaintiff's care and treatment.

Jack Sullivan
c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Mr. Sullivan was an employee at BPV from 1994 to 2013; he was in the Sales department and held positions including District Manager and Regional Manager.  Plaintiff expects that he is knowledgeable regarding the

matters that were the subject of his depositions taken on September 16, 2016, and November 3, 2016, in the Bard IVC Filter MDL.

> Alex Tessmer
> c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Mr. Tessmer was an employee and engineer at BPV in the Research & Development department from 1997 through 2004. Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his deposition taken on June 12, 2013, in *Phillips v. C.R. Bard, Inc.*, United States District Court, District of Nevada, Case No. 3:12-cv-00344-RCJ-WGC.

> Scott O. Trerotola, M.D.
> c/o Department of Radiology
> Hospital of the University of Pennsylvania
> One Silverstein
> 3400 Spruce Street
> Philadelphia, PA 19104
> Office: (215) 615-3540
> Fax: (215) 615-3545

Dr. Trerotola in an Interventional Radiologist. He was a consultant and key opinion leader for Bard on IVC filters. Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his depositions taken on November 15, 2010, in *Newton v. C.R. Bard, Inc., et al.*, Superior Court of Arizona, Maricopa County, Case No. CV2009-019232, and January 20, 2017, in the Bard IVC Filter MDL.

> Maureen Uebelacker
> c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Ms. Uebelacker has been an employee of BPV since 2011; she has held positions as Senior Manager in Field Assurance, Director of Quality Systems, and Director of Post-Market Quality. Plaintiff expects that Ms. Uebelacker is knowledgeable regarding the matters that were the subject of her deposition taken on August 9, 2016, in the Bard IVC Filter MDL.

> Doug Uelmen
> c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Mr. Uelmen was an employee at C.R. Bard and then BPV from approximately 1981 through 2005; he was Vice President Quality Assurance

at BPV from 2003 through 2005. Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his depositions taken on October 4, 2013, in *Giordano v. C.R. Bard, Inc., et al.*, Superior Court of California, San Diego County, East County Regional Center, Case No. 00069363-CU-PO-EC, and May 13, 2014, in *Coker v. C.R. Bard, Inc.*, et al., United States District Court, Northern District of Georgia, Atlanta Division, Case No. 1:13-cv-0515.

> Anthony Venbrux, M.D.
> c/o The George Washington University Hospital
> 900 23rd Street, NW
> Washington, DC 20037
> Office: 202-715-4000

Dr. Venbrux is an Interventional Radiologist. He was a consultant and key opinion leader for Bard on IVC filters. Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his depositions taken on January 28, 2011, in *Newton v. C.R. Bard, Inc., et al.*, Superior Court of Arizona, Maricopa County, Case No. CV2009-019232, and January 26, 2017, in the Bard IVC Filter MDL.

> John Van Vleet
> c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Mr. Van Vleet has been the Vice President Regulatory Affairs/Clinical Affairs at BPV since 2007. Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his depositions taken on September 29, 2016, and January 17, 2017, in the Bard IVC Filter MDL.

> Carol Vierling
> c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Ms. Vierling was the Director, Regulatory Affairs at BPV from 1994 through 2002. Plaintiff expects that Ms. Vierling is knowledgeable regarding the matters that were the subject of her deposition taken on May 11, 2016, in the Bard IVC Filter MDL.

> Cindi Walcott
> c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Ms. Walcott was an employee of C.R. Bard and BPV from 1980 to 2012; she was Senior Manager Clinical Assurance at BPV from 1999 to 2012. Plaintiff expects that Ms. Walcott is knowledgeable regarding the

matters that were the subject of her deposition taken on August 24, 2016, in the Bard IVC Filter MDL.

> John Weiland
> c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Mr. Weiland has been the President and Chief Operating Officer of C.R. Bard throughout the relevant time period.  Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his deposition taken on April 23, 2014, in *Phillips v. C.R. Bard, Inc.*, United States District Court, District of Nevada, Case No. 3:12-cv-00344-RCJ-WGC.

> John Wheeler
> c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Mr. Wheeler has been employed in the Quality Assurance department at BPV since 2012.  Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his deposition taken on July 29, 2016, in the Bard IVC Filter MDL.

> Steve Williamson
> c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Mr. Williamson has been President at BPV since 2012.  Plaintiff expects that he is knowledgeable regarding the matters that were the subject of his deposition taken on September 7, 2016, in the Bard IVC Filter MDL.

> Mark Wilson
> c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Mr. Wilson worked in the Sales department at BPV from 2006 0through 2010 as a sales training manager.  Plaintiff expects that he is *knowledgeable regarding the matters that were the subject of his deposition* taken on January 31, 2017, in the Bard IVC Filter MDL.

> Natalie Wong
> c/o Counsel for Bard Peripheral Vascular and C.R. Bard

Ms. Wong has been an employee of BPV since 2004; she has held positions as Quality Engineer, Field Assurance Quality Engineering Manager, Quality Engineering Manager, and Senior Quality Engineer, New Product Development.  Plaintiff expects that Ms. Wong is knowledgeable regarding the matters that were the subject of her depositions taken on September 21, 2010, in *Vedas v. C.R. Bard, Inc., et al.*, Superior Court of

Arizona, Maricopa County, Case No. CV2010-019655, and October 18, 2016, in the Bard IVC Filter MDL.

Custodians of Records and other foundational witnesses Billings Clinic, Stanford University Medical Center, UCLA Medical Center, UCLA East West Medicine, Southwest Washington Medical Center, Harborview Medical Center, University of Washington Medical Center, University of Washington Physicians, Santa Monica UCLA Medical Center and any other of Plaintiff's medical care providers. If necessary, these witnesses will provide foundational testimony regarding medical records and medical bills/statements for services, care, and treatment provided to Plaintiff.

Most knowledgeable representative(s) of the Plaintiff's medical care providers. These witness(es) will provide testimony regarding the reasonable and customary charges for necessary services, care, and treatment as a result of Defendants' actions and defective product.

Witnesses necessary to establish foundation for documents produced by Defendants. If necessary, these witnesses will provide foundational testimony regarding records produced by Defendants.

Witnesses necessary to establish foundation for documents produced by third parties. If necessary, these witnesses will provide foundational testimony regarding records produced by third parties.

Plaintiff cannot remember all of the physicians or other medical care providers who consulted concerning her medical care related to the implantation of the G2 IVC filter and the removal of the fractured G2 IVC filter and filter fragments and follow up care. Plaintiff believes the medical records at Billings Clinic, Stanford University Medical Center, UCLA Medical Center, UCLA East West Medicine, Southwest Washington Medical Center, Harborview Medical Center, University of Washington Medical Center, University of Washington Physicians, and Santa Monica UCLA Medical Center which are being made available to the Defendants, may reveal additional persons with knowledge relevant to her claim.

Plaintiff reserves the right to name additional witnesses for trial after additional discovery and as new relevant information is learned.

*Plaintiff's Preliminary Pretrial Statement-37*

**(K) Substance of any insurance agreement that may cover any resulting judgment**

Plaintiff is not aware of what, if any, insurance agreements may apply to the claims asserted in this action.  If Defendants have claimed coverage against any insurers, the status of those insurance issues should be disclosed, even if settled.

**(L) Status of any settlement discussions and prospects for compromise of the case**

In early June, 2019, Defendants' counsel, Greenberg Traurig, LLP, requested a settlement proposal from Plaintiff's counsel.  On June 26, 2019, Nicholas Scarpelli forwarded a letter analysis of the case and a settlement offer with supporting documentation to Greenberg Traurig, LLP.  There has never been a substantive response to that settlement proposal.

**(M) Suitability of special procedures**

None.

DATED this 2nd day of June, 2020.

NICHOLAS P. SCARPELLI, JR.

TOM L. LEWIS, P.C.

By /s/ Tom L. Lewis
    Tom L. Lewis
    Attorneys for Maria Dalbotten

*Plaintiff's Preliminary Pretrial Statement-38*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Plaintiff's Preliminary Pretrial Statement was served upon the following counsel of record by the means designated below this 2nd day of June, 2020.

[  ] U.S. Mail                 Mr. Ian McIntosh
[  ] FedEx                     Crowley Fleck, PLLP
[  ] Hand-Delivery             1915 South 19th Avenue
[  ] Facsimile                 P. O. Box 10906
[x]  ECF                       Bozeman, MT 59719
[x]  Email Transmission`       *Attorneys for Defendants*

[  ] U.S. Mail                 Mr. Tyler D. Coombe
[  ] FedEx                     Greenburg Traurig LLP
[  ] Hand-Delivery             1144 15th Street, Suite 3300
[  ] Facsimile                 Denver, CO ;80202
[x]  ECF                       *Attorneys for Defendants*
[x]  Email Transmission

/s/Tom L. Lewis

*Plaintiff's Preliminary Pretrial Statement-39*