IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MARIA DALBOTTEN,<br><br>              Plaintiff,<br><br>vs.<br><br>C. R. BARD INCORPORATED and BARD PERIPHERAL VASCULAR INCORPORATED,<br><br>              Defendants. | CV 20-34-BLG-SPW<br><br>ORDER |

       This matter comes before the Court on Plaintiff Maria Dalbotten's Motion for Summary Judgment on Defendant's Pre-emption Defense, filed August 13, 2021. (Doc. 78). Defendants responded on September 3, 2021 (Doc. 80) and Plaintiff replied on September 16, 2021 (Doc. 82). The motion is deemed ripe and ready for adjudication.

       Plaintiff seeks summary judgment on Defendants' affirmative defense no. 6 that the Plaintiff's claims are pre-empted by federal law. However, after Plaintiff filed her motion, Defendants filed a Notice that they were voluntarily dismissing their pre-emption defense. (Doc. 81). Therefore, because Defendants have withdrawn the defense at issue, there is nothing left for the Court to decide on Plaintiff's Motion and that Motion is denied as moot.

1

In their response brief, Defendants reaffirm the dismissal of their pre-emption defense but argue that the Court should nonetheless allow Defendants to present U.S. Food & Drug Administration ("FDA") regulatory evidence at trial. (Doc. 80 at 1). In her reply brief, Plaintiff objects to this argument as outside the scope of the original motion for summary judgment and moves the Court to strike Defendants' response. (Doc. 82 at 2). Defendants then filed a Notice arguing that the Court should disregard Plaintiff's motion to strike because Plaintiff did not comply with the Local Rules by failing to file a stand-alone motion and brief in support of their request to strike. (Doc. 83).

Defendants are correct that Plaintiff violated Local Rule 7.1. By presenting her motion to strike within her reply brief, Plaintiff failed to file a brief in support of her motion, failed to notify the Court of whether any party opposes the motion, and failed to provide Defendants with an appropriate opportunity to respond to the motion. Therefore, the Court rejects Plaintiff's motion to strike for failure to abide by the Local Rules. Should Plaintiff wish to renew her motion, she must file a stand-alone motion presenting her argument and providing an opportunity for Defendants to be heard. However, as the Court is denying as moot Plaintiff's motion for summary judgment as to Defendants' affirmative defense no. 6, the Court will not consider Defendants' argument regarding the admission of FDA regulatory evidence at trial until a motion regarding that issue is filed.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment on Defendants' Pre-emption Defense (Doc. 78) is **DENIED** as moot.

The Clerk of Court is directed to notify the parties of the making of this Order.

DATED this 7th day of January, 2022.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge