# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| MARIA DALBOTTEN,<br><br>                    Plaintiff,<br><br>     v.<br><br>C. R. BARD, INC. and BARD PERIPHERAL VASCULAR, INC.,<br><br>                    Defendants. | Case No. 1:20-cv-00034-SPW<br><br>**ORDER GRANTING MOTION TO EXCLUDE OR LIMIT OPINIONS AND TESTIMONY OF CYRIL DODGE, M.D.** |

Before the Court is Defendants C.R. Bard, Inc. and Bard Peripheral Vascular Inc.'s (collectively "Defendants") Motion to Exclude or Limit Opinions and Testimony of Cyril Dodge, M.D., filed February 4, 2022. (Doc. 108). Plaintiff Maria Dalbotten responded to the motion on February 22, 2022. (Doc. 136). Defendants replied on March 7, 2022. (Doc. 160). The motion is deemed fully briefed and ripe for adjudication.

Defendants seek to exclude from trial testimony of Dr. Cyril Dodge, a retired internist and family friend of the Plaintiff, regarding the advice Dr. Dodge provided to Plaintiff about the potential cause of her 2008 hospitalization and his approval of a heart surgeon in 2016. For the following reasons, the Court grants Defendants' motion.

## I.   BACKGROUND

Dr. Cyril Dodge practiced internal medicine in Vancouver, Washington for over 30 years prior to his retirement. In the course of his practice, Dr. Dodge treated several members of Plaintiff's family including her grandparents, two of her uncles, an aunt, and her father. Plaintiff's family became quite familiar with Dr. Dodge due to these connections and felt comfortable coming to him for medical advice.

In 2008, Plaintiff was hospitalized at UCLA Hospital for pericardial effusion—buildup of fluid around the heart. At the time, Plaintiff's treating doctors could not determine the cause of the condition. In 2015, Plaintiff became aware that some individuals implanted with the Bard G2 IVC filter, like the one implanted in Plaintiff in 2006, experienced significant injuries resulting from the filter migrating to the individual's heart. Plaintiff then underwent a CT scan that showed her IVC filter had migrated to her heart. The following year, Plaintiff traveled to Stanford Hospital in California for surgery. During this time, Plaintiff learned that a fragment of the filter had lodged in her heart and the surgeon was unable to remove it. The surgeon suggested Plaintiff find another doctor in the Seattle area that specialized in heart surgery. Plaintiff eventually identified Dr. Nahush Mokadam to perform the procedure.

While this was happening, Plaintiff's mother sought Dr. Dodge's advice following Plaintiff's hospitalization in 2008. It is unclear exactly when Plaintiff's mother discussed Plaintiff's condition, but the conversation appears to have taken place some time between March and May of 2016 as it occurred after Plaintiff's first surgery at Stanford Hospital. Plaintiff's mother provided Dr. Dodge with Plaintiff's 2008 medical records from UCLA Hospital and, based on his review of these records, Dr. Dodge concluded that the filter fragment was a probable cause of the pericardial inflammation. Dr. Dodge also recommended to Plaintiff's mother that Plaintiff undergo surgery to have the fragment removed from her heart. Finally, when Plaintiff and her family were attempting to identify a surgeon to perform the procedure, Dr. Dodge reviewed Dr. Mokadam and recommended him for the surgery.

Plaintiff intends to call Dr. Dodge as a witness to provide testimony on the advice he provided to Plaintiff's mother regarding the removal of the filter fragment and his approval of Dr. Mokadam. Defendants object to the admission of Dr. Dodge's testimony. They assert that Dr. Dodge's testimony amounts to that of an expert opinion and because Plaintiff did not disclose Dr. Dodge as an expert, as required by Federal Rule of Civil Procedure 26, Plaintiff is precluded from offering the testimony now. Plaintiff responds that she is not offering Dr. Dodge as an

expert witness but rather as a fact witness who will testify as to the facts of the conversations he had with Plaintiff's mother.

## II.    LEGAL STANDARD

Parties must disclose their experts "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). This includes supplementing expert disclosures in a timely manner upon the discovery of new information. Fed. R. Civ. P. 26(e)(1)(A). Expert disclosures fall into two categories: those experts specifically retained for trial and those witnesses who were not specifically retained but whose testimony falls within Federal Rules of Evidence 702, 703, or 705. Fed. R. Civ. P. 26(a)(2)(B)-(C). Though not specifically retained, these latter witnesses are nonetheless subject to Rule 26's disclosure rule as the party offering the witness must provide a report that states "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). Failure to timely disclose an expert and the information that expert intends to provide prevents that party from using the information at trial. Fed. R. Civ. P. 37(c)(1); *Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011). This exclusionary sanction is automatic and "designed to provide a strong inducement for disclosure." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

## III.   DISCUSSION

Plaintiff does not dispute that she did not disclose Dr. Dodge as an expert witness. Instead, Plaintiff argues that such a disclosure was unnecessary because "Dr. Dodge has consistently been identified as a fact witness, so he is not subject to expert disclosure requirements." (Doc. 136 at 10). Plaintiff asserts that Dr. Dodge's testimony will be contained to the following:

> Dr. Dodge consulted Plaintiff and her family regarding the question of whether or not to have the filter fragment removed from her heart, which was treatment advice that he offered as a family friend and based on his professional experience. Dr. Dodge's testimony also concerns the facts of his background check on the prospective heart surgeon, Dr. Mokadam, and the facts of his assessment that Dr. Mokadam could remove the filter fragment from Plaintiff's heart.

(*Id.*). Because Plaintiff expects Dr. Dodge to testify only to the facts of his experiences during these events and the advice he gave, Plaintiff maintains that Dr. Dodge was appropriately designated a fact witness. Defendants respond that "[d]espite Plaintiff's contention that Dr. Dodge is a mere fact witness who will present only lay testimony, his causation opinions and any advice based on the same constitute expert testimony under the Federal Rules of Evidence." (Doc. 160 at 2).

Federal Rule of Evidence 702 states:

A witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

On the other hand,

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
> (a) rationally based on the witness's perception;
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701.

Contrary to Plaintiff's assertion, Dr. Dodge's testimony exceeds the scope of a mere fact witness. "Whether a certain witness is an expert (and therefore whether a disclosure is required) centers on the particular testimony offered and whether it falls under Federal Rule of Evidence 701 or 702." *Adams v. Roberts*, 2019 WL 6715604, *2 (D. Mont. Dec. 10, 2019) (citing Fed. R. Evid. 701, Advisory Committee's Note, 2000 Amendments). "Testimony is considered 'expert' when it is based on 'scientific, technical or other specialized knowledge.'" *Id.* Dr. Dodge was a practicing internist for over 30 years who developed a specialized knowledge through this professional experience. Plaintiff's mother, familiar with Dr. Dodge's expertise from his past treatment of several family members, sought

out Dr. Dodge's opinion on Plaintiff's medical condition and care. Plaintiff and her family also sought Dr. Dodge's opinion on Dr. Mokadam's ability to perform the required surgery to remove the filter fragment from Plaintiff's heart. Dr. Dodge described these interactions during his deposition as follows:

> Plaintiff's counsel: All right. Can you tell us what type of advice you gave Maria and when that occurred?

> Dr. Dodge: Before she had her cardiac surgery, I was asked my opinion about whether or not the filter fragment should be removed, and I told her I thought it should be.

> Plaintiff's counsel: What were the reasons that you told Maria you felt the filter fragment that was in her right ventricle should be removed?

> Dr. Dodge: Well, I feel that her hospitalization at UCLA when she had pericarditis, which is an inflammation of the sac around the heart—I felt that that hospitalization was due to the filter fragment penetrating through the right ventricle and irritating the pericardium. So I think that that was filter fragment related. I know that she had chest pain which can be a known complication of the filter fragment. The fragment caused her a great deal of worry, and her cardiac surgeon at the University of Washington, Dr. Mokadam, who she was seeing for an evaluation and potential surgery, does heart transplants. I thought if this person can do a heart transplant, he certainly is qualified to remove a filter fragment from her heart which is a much simpler procedure. And also it would be unknown as to what would happen in the future if she didn't have this fragment removed. It had already penetrated the right ventricle of her heart, and she's young and there was a lot of time for further problems which could include penetrating into the lung.

(Doc. 109-2 at 10-11). It is clear from Dr. Dodge's description that the advice and opinions he provided to Plaintiff and her mother were based on Dr. Dodge's scientific, technical, or other specialized knowledge. As such, Dr. Dodge's

testimony falls under Fed. R. Evid. 702 as expert testimony and should have been disclosed under Fed. R. Civ. P. 26. Plaintiff failed to disclose Dr. Dodge as an expert witness and this failure automatically triggers Fed. R. Civ. P. 37's exclusionary sanction.[1] *Goodman*, 644 F.3d at 827.

Plaintiff makes the alternative argument that "[e]ven if there was any merit to Defendants' argument that Dr. Dodge's testimony exceeds the scope of typical fact testimony . . ., then this Court should analyze his treatment advice under the analogous standards of treating physician testimony." (Doc. 136 at 11). In the Ninth Circuit, "a treating physician is not 'retained or specially employed to provide expert testimony'—a treating physician is a percipient witness of the treatment he rendered—and therefore he is not subject to the written report requirement." *Goodman*, 644 F.3d at 824 (quoting Fed. R. Civ. P. 26(a)(2) advisory committee's note (1993)). However, the treating physician exception to the expert disclosure rule only applies to the physician's opinions formed during the course of treatment. *Id.* at 826. Defendants argue that Dr. Dodge's testimony falls outside the scope of a typical treating physician's because Dr. Dodge admits

---

[1] Rule 37 does allow exceptions to the exclusionary sanction "if the parties' failure to disclose the required information is substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). Plaintiff makes an alternative argument that "Defendants should not be permitted to exclude the testimony that they elicited from Dr. Dodge" and references a District of Arizona case, *Lambert v. Liberty Mut. Fire Ins. Co.*, 2016 WL 3193252 (D. Ariz. June 9, 2016), in support. (Doc. 136 at 15). The language Plaintiff quotes is based on the Arizona Court's ruling that Lambert's improper expert disclosure was harmless under the Rule 37 exception because Liberty Mutual elicited the statements at issue and were made aware of them at a deposition. *Id.* However, Plaintiff does not argue herself that her failure to disclose Dr. Dodge as an expert was harmless nor does she make one reference to Rule 37 in brief in opposition. She simply argues that Defendant should not be able to exclude the statements Defendants asked Dr. Dodge about at his deposition. The Court finds this argument unpersuasive.

he did not treat the Plaintiff but based his opinions on the medical records that were provided to him.

The Court agrees with Defendants that Dr. Dodge is not a treating physician in this case and cannot provide opinion testimony as one. Indeed, Plaintiff's argument is almost identical to the one rejected by the *Goodman* Court when it found that "to form their opinions, these doctors reviewed information provided by Goodman's attorney that they hadn't reviewed during the course of treatment. For these reasons, we agree with the district court that those doctors fell outside the scope of the 'treating physician' exception insofar as their additional opinions are concerned." *Id.* Dr. Dodge's entire opinion testimony is based on medical records provided to him by Plaintiff and her family. Dr. Dodge did not treat Plaintiff for any medical ailment relevant to this case nor has he ever treated Plaintiff. Therefore, the Court sees no reason to depart from the *Goodman* Court's holding and rejects Plaintiff's argument that Dr. Dodge's testimony falls under the treating physician exception.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Exclude Opinions and Testimony of Cyril Dodge, M.D. (Doc. 108) is **GRANTED**. Cyril Dodge, M.D.'s testimony is excluded from trial.

The Clerk of Court is directed to notify parties of this order.

DATED this ___15th___ day of June, 2022.

Susan P. Watters

SUSAN P. WATTERS
United States District Court Judge