IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MARIA DALBOTTEN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>C. R. BARD, INC. and BARD PERIPHERAL VASCULAR, INC.,<br><br>　　　　Defendants. | Case No. 1:20-cv-00034-SPW<br><br>**ORDER RE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON STRICT LIABILITY FAILURE TO WARN** |

Before the Court is Plaintiff Maria Dalbotten's Motion for Partial Summary Judgment on Strict Liability Failure to Warn, filed February 4, 2022. (Doc. 99). Defendants C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. ("Defendants or Bard"), responded opposing the motion on February 25, 2022. (Doc. 139). Plaintiff replied to Defendants' opposition on March 10, 2022. (Doc. 162). The motion is deemed ripe and ready for adjudication.

Plaintiff seeks to preclude Defendants from litigating the adequacy of the G2 Filter warnings through offensive non-mutual collateral estoppel. In a bellwether trial case brought by Sherr-Una Booker in the United States District Court for the District of Arizona, the jury, applying Georgia law, found Defendants liable for negligent failure to warn. Plaintiff argues the Court should preclude Defendants

1

from relitigating the warning issue here based on the jury's determination in the *Booker* case. For the following reasons, the Court denies Plaintiff's motion.

## I. BACKGROUND

The present case represents one of thousands filed in multi-district litigation against Defendants for complications arising from the G2 IVC filter. In 2018, one of those other cases (the "*Booker* case") went to trial in the United States District Court of Arizona. The *Booker* case was tried under Georgia law and involved a claim that Defendants' warnings associated with the G2 IVC filter were inadequate. The *Booker* jury found Defendants liable for negligent failure to warn. The jury's finding was upheld on appeal.

Plaintiff's case also involves a claim that, under Montana law, Defendants' warnings regarding the G2 IVC filter were inadequate. Plaintiff now asserts that the Court should preclude Defendants from relitigating the failure to warn claim given the *Booker* jury's findings.

## II. LEGAL STANDARD

Offensive non-mutual collateral estoppel precludes "a defendant from relitigating the issues which a defendant previously litigated and lost against another plaintiff." *Syverson v. Int'l Business Machines Corp.*, 472 F.3d 1072, 1078 (9th Cir. 2007) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329 (1979)). Such preclusion is only appropriate though when (1) "there was a full and fair

2

opportunity to litigate the identical issue in the prior action," (2) "the issue was actually litigated in the prior action," (3) "the issue was decided in a final judgment," and (4) "the party against whom issue preclusion is asserted was a party or in privity with a party to the prior action." *Id.* Federal district courts have broad discretion in determining the preclusion application. *Parklane Hosiery Co.*, 439 U.S. at 331.

## III. DISCUSSION

Before the Court can address the merits of Plaintiff's argument, the Court must resolve Defendants' threshold assertion that Arizona law prohibits the offensive use of collateral estoppel and that that prohibition applies to the present motion. Plaintiff responds that, even if Arizona law does prohibit offensive collateral estoppel, federal law applies to their preclusion argument and federal law does support offensive collateral estoppel.

In *Spettigue v. Mahoney*, the Arizona Court of Appeals first considered and rejected the use of offensive collateral estoppel. 445 P.2d 557, 564 (Ariz. Ct. App. 1968). The Arizona Supreme Court then agreed with the Court of Appeals rationale and adopted the prohibition on offensive collateral estoppel. *Standage Ventures, Inc. v. State*, 562 P.2d 360, 364 (Ariz. 1977). It does not appear that the Arizona Supreme Court has chosen to revisit this ruling and therefore offensive use

3

of collateral estoppel remains prohibited under Arizona law.[1] *See Food for Health Co., Inc. v. 3839 Joint Venture*, 628 P.2d 986, 990 (Ariz. Ct. App. 1981); *Campbell v. SZL Properties, Ltd.*, 62 P.3d 966, 968 (Ariz. Ct. App. 2003); *Ludwig v. Arizona by & through Brnovich*, 790 F.App'x 849, 851-52 (9th Cir. 2019); *Liberty Corp. Cap. Ltd. v. Steigleman*, 2020 WL 2097776, at *4 (D. Ariz. May 1, 2020).

Federal common law, in contrast, has long supported a district court's discretion to apply offensive collateral estoppel where the elements are met. *Parklane Hosiery Co.*, 439 U.S. at 331. The question now becomes which law applies to the present matter.

In *Semtek Intern. Inc. v. Lockheed Martin Corp.*, the United States Supreme Court addressed the question of which law—state or federal—applies when determining the preclusive effect of a previous, federal court judgment. 531 U.S. 497 (2001). For federal question cases, the Supreme Court stated "we have long held that States cannot give those judgments merely whatever effect they would give their own judgments, but must accord them the effect that this Court prescribes." *Id.* at 507. For federal diversity cases, the Supreme Court determined that the reviewing district court must apply "the law that would be applied by state

---

[1] Plaintiff argues that Arizona law no longer prohibits offensive collateral estoppel and points to the Arizona Court of Appeals case *Wetzel v. Arizona State Real Estate Dep't.* in which that court rejected the *Spettigue* decision and approved the use of offensive collateral estoppel. However, Plaintiff has been unable to point to any Arizona Supreme Court case overturning the *Standage Ventures* decision. Further, given the later determinations of the Arizona Court of Appeals in *Campbell v. SZL Properties* and the U.S. District Court of Arizona in *Ludwig v. Arizona*, this Court is not persuaded that the *Wetzel* decision overturned Arizona law prohibiting offensive collateral estoppel.

courts in the State in which the federal diversity court sits." *Id.* at 508. The *Semtek* Court explained their rationale for this holding:

> Since state, rather than federal, substantive law is at issue there is no need for a uniform federal rule. And indeed, nationwide uniformity in the substance of the matter is better served by having the same claim-preclusive rule (the state rule) apply whether the dismissal has been ordered by a state or a federal court.

*Id.*; *See also Taylor v. Sturgell*, 553 U.S. 880, 891, n. 4 (2008) ("For judgments in diversity cases, federal law incorporates the rules of preclusion applied by the State in which the rendering court sits").

It is undisputed that this matter is a federal diversity case and a federal district court sitting in Arizona rendered the prior judgment at issue. Therefore, it should be rather straightforward that Arizona law applies to the preclusion determination. However, Arizona law is less than the model of clarity as to how it determines the preclusive effects of prior federal court judgments.

Noted above, Arizona law prohibits the use of offensive collateral estoppel based on prior state court judgments. *Standage Ventures, Inc.*, 562 P.2d at 364. Regarding federal judgments, the Arizona Supreme Court has twice stated "[f]ederal law dictates the preclusive effect of a federal judgment." *In re Gen. Adjudication of All Rights to Use Water In Gila River Sys. & Source*, 127 P.3d 882, 887 (Ariz. 2006) ("Gila River"); *Maricopa-Stanfield Irr. & Drainage Dist. v. Robertson*, 211 Ariz. 485 (Ariz. 2005). The proclamation appears forthright but

5

becomes less clear upon closer examination. The *Gila River* Court cited *Semtek* as well as another United States Supreme Court case and Ninth Circuit Case[2] to support its determination that federal preclusion law applies. However, the section of *Semtek* that the *Gila River* Court cited to dealt with preclusion issues in federal question cases. The second Supreme Court case and the Ninth Circuit case likewise dealt with federal question cases. This makes sense because the prior federal judgment in *Gila River* involved a federal question.[3] 127 P.3d at 885.

However, neither the parties nor the Court have found a case from the Arizona Supreme Court addressing the preclusive effect of a prior federal diversity decision. Plaintiff cites to one Arizona Court of Appeals case involving a prior federal diversity decision that applied the *Gila River* Court review standard. *See Corbett v. ManorCare of America, Inc.*, 146 P.3d 1027, 1032 (Ariz. Ct. App. Nov. 29, 2006). However, the *Corbett* Court makes no effort to distinguish the *Gila River* review standard from federal question to federal diversity decisions nor does *Corbett* explain why that court believes federal law applies to the prior diversity decision given the holding in *Semtek*.

Defendants, on the other hand, point to two United States District Court for the District of Arizona cases—decided after *Corbett*—that disagreed with *Corbett*

---

[2] *Heck v. Humphrey*, 512 U.S. 477 (1994); *First Pac. Bancorp v. Helfer*, 224 F.3d 1117 (9th Cir. 2000).
[3] *Maricopa-Stanfield Irr. & Drainage Dist. v. Robertson* also involved a prior federal question judgment. 123 P.3d at 1124-26.

and determined Arizona law would apply to resolve the preclusive effect of diversity judgments. In *Universal Engraving, Inc. v. Metal Magic, Inc.*, the U.S. District Court for Arizona, citing *Gila River* and *Maricopa-Stanfield Irrigation*, found that "[i]t does not appear that Arizona courts have directly ruled on whether federal or state law governs the issue of collateral estoppel in federal diversity cases." 2010 WL 4922703, at *13 (D. Ariz. Nov. 29, 2010). The *Universal Engraving* Court examined the holdings of the Arizona Supreme Court cases against *Semtek's* precedent and found the following:

> The Court believes that Arizona courts would follow the *Semtek* rule, applying state law to all aspects of collateral estoppel for several reasons. First, the Arizona Supreme Court has cited *Semtek*, a case involving claim preclusion, as the standard for determining which collateral estoppel rules apply in federal question context . . . and there is no reason to think that Arizona courts would stray from their view that *Semtek's* rules apply to both claim preclusion and collateral estoppel in the federal diversity context. Indeed, this Court can see no persuasive reason for applying a different set of rules to collateral estoppel. Second, although Arizona courts have long stated that they will "generally follow the Restatement absent [Arizona] statutes or cases to the contrary," they have also noted that they "will not do so blindly." *Barnes v. Outlaw*, 192 Ariz. 283, 285, 964 P.2d 484, 486 (1998). Although the Restatement is consistent with the *Erie* doctrine, the practical effect of a rule that requires application of state law to some aspects of collateral estoppel and federal law to others is to create unnecessary confusion. Finally, at least one Arizona court has implied that courts would look to the law applied by the federal court, whether state or federal, to determine the preclusive effect of an issue decided in that case. [*Garcia v. Gen. Motors Corp.*, 990 P.2d 1069 (Ariz. Ct. App. 1999)].

2010 WL 4922703, at *14. Ten years later, the U.S. District Court for Arizona again cited *Semtek* to determine that Arizona law controls the preclusive effect of a prior federal diversity judgment. *Liberty Corp. Capital Limited v. Steigleman*, 2020 WL 2097776, at *4 (D. Ariz. 2020) ("Steigleman implies that, if she prevails, she may be able to assert collateral estoppel in a separate action against a different Name to prevent the Name from relitigating issues Liberty litigated unsuccessfully in this action. Yet, this use of offensive non-mutual collateral estoppel is not permitted by Arizona law . . . which is the law that will determine the preclusive effect of this action in any future litigation . . . .").

This Court finds the reasoning of the *Universal Engraving* and *Liberty Corp.* Courts persuasive and adopts their determinations here. As *Semtek* held, the Court must apply "the law that would be applied by state courts in the State in which the federal diversity court sits." 531 U.S. at 508. The *Booker* decision came from a federal diversity court sitting in Arizona. Arizona law prohibits the use of offensive non-mutual collateral estoppel. *Standage Ventures, Inc.*, 562 P.2d at 364. Thus, under *Semtek* and *Standage Ventures, Inc.*, Plaintiff's motion based on offensive non-mutual collateral estoppel must be denied and the Court need not address the merits of Plaintiff's substantive arguments.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff Maria Dalbotten's Motion for Partial Summary Judgment on Strict Liability Failure to Warn (Doc. 99) is **DENIED**.

The Clerk of Court is directed to notify parties of this order.

DATED this 22nd day of July, 2022.

SUSAN P. WATTERS
United States District Court Judge