IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

|  |  |
|---|---|
| MARIA DALBOTTEN,<br><br>               Plaintiff,<br><br>vs.<br><br>C. R. BARD, INC. and BARD<br>PERIPHERAL VASCULAR, INC.,<br><br>               Defendants. | CV 20-34-BLG-SPW<br><br>THIRD AMENDED<br>SCHEDULING ORDER |

A telephonic scheduling hearing was held on August 5, 2022. Joshua Mankoff and Ramon Lopez appeared for the Plaintiff. Richard North, Ian McIntosh, and Matthew Lerner appeared for the Defendants. After discussion and upon the agreement of the parties, IT IS HEREBY ORDERED:

1.      The following schedule will govern all further proceedings in this case:

| | |
|---|---|
| Designations for Depositions: | **January 20, 2023** |
| E-File Final Pretrial Order,<br>Proposed Jury Instructions,<br>Proposed Voir Dire Questions<br>and Trial Briefs and email to<br>spw_propord@mtd.uscourts.gov<br>(Trial Briefs are optional): | **February 10, 2023** |
| Notice of Intent to Use Real-Time,<br>CD-ROM, and/or Video Conferencing<br>for Witnesses: | **February 10, 2023** |

1

Final Pretrial Conference:                  **February 17, 2023**
                                             9:30 a.m.
                                             James F. Battin Courthouse
                                             Billings, Montana


Jury Trial (expected 14-21 days):           **February 27, 2023**
                                             9:00 a.m.
                                             James F. Battin Courthouse
                                             Billings, Montana


**Continuance of the above deadlines will not be granted, absent compelling reasons.** A continuance of any deadline set by this order does not extend any other deadline. Neither the date set for trial nor the date set to file motions will be altered or changed even if the Court authorizes any other date to be changed.

**IT IS FURTHER ORDERED:**

2.   **Parties must appear in person** for the Final Pretrial Conference. Parties should be prepared to argue any motions in limine unless the Court has already ruled.

3.   Parties are advised that revised Local Rules for the District of Montana came into effect 3/1/2022 and govern all aspects of this case.

4.   Pursuant to Rule 26(e), the parties have an affirmative obligation to supplement all discovery responses, as necessary, throughout the course of the litigation.

5.   The briefing schedule for motions in limine shall proceed with response briefs due fourteen (14) days after the motion in limine and brief in support are filed. Reply briefs shall be due seven (7) days after the response is filed.

6.   Pursuant to L.R. 1.4(b)(4) and 5.1(b)(1), parties shall submit a paper copy, three-hole punched, of all filings in excess of twenty pages. By "filings," the Court means any combination of a motion, brief in support or attachments that when taken together exceed twenty pages. Parties shall file exhibits electronically with the Court.

7.  Counsel for the plaintiff shall convene an attorneys' conference to prepare the Final Pretrial Order and to exchange exhibits and familiarize themselves with the proposed trial exhibits.  Any objections to any exhibits or use of deposition testimony shall be included within the pretrial order, stating the grounds for the objections.  *See* L.R. 16.4.  Except for objections to relevancy, failure to disclose such an objection is a waiver of the objection. *See* L.R. 16.4(b)(5).  The Final Pretrial Order shall comply with the form prescribed by Local Rule 16.4(c). The Final Pretrial Order must also include the provisions of Rule 26(a)(3)(A)(i)-(iii).

8.  Once filed, the Final Pretrial Order supersedes all prior pleadings and may not be amended except by leave of the Court for good cause shown.

9.  Expert reports, if not already filed, must be submitted at the same time as the Final Pretrial Order.

10.  On the date specified in paragraph 1, any party intending to use Real-Time reporting must notify Court Reporter at 406-247-4477.  Any party intending to use CD-ROM or video conferencing for witnesses must notify Michael Cuthbert at 406-247-2322.

11.  The parties shall be prepared to use the Jury Evidence Recording System (JERS).  JERS allows jurors to use a touch-screen to see the evidence admitted at trial in the jury room during their deliberations.  JERS is not designed to present evidence in the courtroom.  Counsel are responsible for showing their own exhibits during trial. Detailed information about how to use JERS, including the proper naming convention and form of exhibits, is found on the Court's website, http://www.mtd.uscourts.gov/ under the heading "Attorneys".  Parties must submit their exhibits in proper form to the clerk's office no later than one week before trial.

12.  Trial briefs are optional but if filed must be received by the Court on the date indicated in paragraph 1.

13.  Each party may submit voir dire questions to be asked by Judge Watters.

14.  **JURY INSTRUCTIONS & VERDICT FORM:**

    (a)  The parties shall jointly prepare a set of jury instructions upon which they agree (proposed joint instructions).  These proposed

3

jury instructions shall include all necessary stock civil instructions. If necessary, each party may also prepare a set of proposed supplemental instructions if different from the agreed joint instructions. **No two instructions shall be submitted with the same number.**

(b)  Filing of Joint Proposed Jury Instructions and Joint Proposed Verdict Form:  By the date set forth in paragraph 1, any party filing electronically shall (1) file one working copy of the Joint Proposed Jury Instructions and Joint Proposed Verdict Form, and (2) e-mail the same documents, plus a clean copy of each, to spw_propord@mtd.uscourts.gov.  The Court prefers Word format.  Do not email PDF copies of these documents.

(c)  Electronic Filers' Supplemental Proposed Jury Instructions and Separate Verdict Forms:  By the date set forth in paragraph 1, each party shall (1) file one working copy of its supplemental proposed Jury Instructions, together with its proposed verdict form if the parties do not jointly propose one; and (2) e-mail the same documents, plus a clean copy of each, to spw_propord@mtd.uscourts.gov.  The Court prefers Word format.  Do not email PDF copies of these documents.

## 15.  FORMAT OF JURY INSTRUCTIONS

(a)  The **clean copy** shall contain:
(1)  a heading reading "Instruction No. ___";
(2)  the text of the instruction; and
(3)  no page numbers, line numbers, or other formatting of any kind.

(b)  The **working copy** shall contain:
(1)  a heading reading "Instruction No. ___";
(2)  the text of the instruction;
(3)  the number of the proposed instruction;
(4)  the legal authority for the instruction;
(5)  a description of any modifications to the instruction;
(6)  the title of the instruction; i.e., the issue of law addressed by the proposed instruction; and
(7)  no page numbers, line numbers, or other formatting of any kind.

4

     (c)     Jury instructions shall be prepared double-spaced in 14-point typeface and Times New Roman font.

16.     The parties are advised that final instructions for submission to the jury will be settled in chambers, on the record, prior to closing argument, at which time counsel may present argument and make objections.

## 17. EXHIBITS

     (a)     Counsel shall electronically exchange exhibits (by CD, DVD, e-mail, or other agreed upon method) with opposing counsel prior to the final pretrial conference.  Counsel must provide a binder of paper copies of the exhibits upon request of opposing counsel.

     (b)     Each exhibit must show the number of the exhibit.  If paper copies of the exhibits are exchanged, the binders must bear an extended tab showing the number of the exhibit.  The exhibit list must identify those exhibits which the party expects to offer and those which the party may offer if the need arises.  Fed. R. Civ. P. 26(a)(3)(A)(iii).

     (c)     Exhibits marked for use at trial that have not been numbered in discovery shall be marked by plaintiff using an agreed upon range of arabic numbers and by defendants using a different agreed upon range of arabic numbers.

     (d)     Each exhibit document will be paginated, including any attachments thereto.  Exhibits shall not be duplicated.  An exhibit may be used by either of the parties.

     (e)     Counsel shall file with the Court a CD or DVD of the exhibits. Prior to the commencement of each trial day, parties shall provide a paper copy of the exhibits that party intends to introduce or use that day to the Court. The paper copy shall be formatted as described in (b), above.

     (f)     Each party shall provide the Court with a list of the exhibits they intend to use at trial and indicate any objections thereto at the final pretrial conference.

## 18. CALLING WITNESSES AT TRIAL

When a witness is called to testify at trial, counsel shall provide to the clerk of court four (4) copies of a single page document providing the following information about the witness:

(a) the full name and current address of the witness;

(b) a brief description of the nature and substance of the witness's testimony;

(c) the date the witness was deposed or statement taken; and

(d) a listing of each exhibit to which the witness may refer during direct examination.

19. Any party intending to use videotape depositions in their case must comply with the following rules:

All videos shall be edited to include only the pertinent portions.

Any objections raised to any portion of the video must be ruled on at the final pretrial conference or the objections will be waived for trial.

20. **JUDGE'S TRIAL NOTEBOOK**

The parties shall prepare a notebook for the judge, to be submitted by the Friday before trial, containing the following items for each witness they intend to call at trial:

(a) a short summary of the nature and substance of the testimony of the witness;

(b) a list of all the exhibits to be used with that particular witness;

(c) a list containing a description of each exhibit to be used with each witness.

6

DATED this 5th day of August, 2022.

SUSAN P. WATTERS
United States District Judge