IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MARIA DALBOTTEN,<br><br>               Plaintiff,<br><br>    v.<br><br>C. R. BARD, INC. and BARD<br>PERIPHERAL VASCULAR, INC.,<br><br>               Defendants. | Case No. 1:20-cv-00034-SPW<br><br>**ORDER ON DEFENDANTS'<br>MOTION FOR SUMMARY<br>JUDGMENT** |

Before the Court is Defendants C.R. Bard, Inc. and Bard Peripheral Vascular, Inc.'s Motion to Apply Arizona Law to Plaintiff's Punitive Damages Claim and to Preclude Punitive Damages. (Doc. 119). Defendants assert that the punitive damage calculation can be separated from the rest of the damages through a process known as depecage, and that Arizona law should govern the punitive damages claim because Arizona has a greater interest than Montana in applying its punitive damages rule given the facts of this case. (Doc. 121 at 13-14).

The Court finds that Montana's punitive damage laws apply. Should the jury determine that punitive damages are appropriate, the determination of those damages shall be bifurcated, and Montana's statutory punitive damages cap shall apply.

1

## I.     Legal Standard

Montana's choice-of-law principals apply here as the forum state in a diversity action. *Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 937 (9th Cir. 2001). When faced with a choice-of-law question, the Court first determines whether the competing laws are in conflict. *Phillips v. GMC*, 995 P.2d 1002, 1007 (Mont. 2000). If an actual conflict exists, then the Court shall assess which state's substantive law should apply. *Id.* Montana applies the "most significant relationship" test set forth in the Second Restatement of Conflict of Laws, § 145. *Id.* Section 145 enumerates four factors to be considered in determining the most significant relationship to the occurrence and the parties:

(a) The place where the injury occurred;
(b) The place where the conduct causing the injury occurred;
(c) The domicile, residence, nationality, place of incorporation and place of business of the parties; and
(d) The place where the relationship, if any, between the parties is centered.

Additionally, a court examining a choice-of-law analysis must look to the § 6 principles, which are:

(a) The needs of the interstate and international systems;
(b) The relevant policies of the forum;
(c) The relevant policies of other interested states and the relative interests of those states in the determination of the particular issue;
(d) The protection of justified expectations;
(e) The basic policies underlying the particular field of law;
(f) Certainty, predictability and uniformity of result; and
(g) Ease in the determination and application of the law to be applied.

*Id.*

## II.    Analysis

### A. Actual Conflict

Here, the Court finds that Montana law conflicts with Arizona law on the issue of punitive damages.  Arizona law precludes punitive damages if "[t]he product alleged to have caused the harm was designed, manufactured, packaged, labeled, sold or represented in relevant and material respects according to the terms of a[] . . . clearance . . . of a government agency." A.R.S. § 12-689. The G2 Filter received 510(k) clearance from the FDA, so the Arizona statute bars exemplary damages.  (Doc. 120 at 4, ¶ 8).  Therefore, under Arizona law, punitive damages cannot attach in this case.  On the other hand, Montana allows punitive damages when a defendant "has been found guilty of actual fraud or actual malice." Mont. Code Ann. § 27-1-220(1).  Montana imposes a statutory cap on punitive damages of either $10 million or 3% of the defendant's net worth, whichever is lesser. Mont. Code Ann. § 27-1-220(3).  Because a conflict exists, the Court shall apply the Second Restatements choice-of-law factors.

### B. Substantive Choice-of-Law Analysis

In a personal injury case, there is a presumption that the laws of the state where the injury occurred apply, unless another state has a more significant relationship. *Phillips*, 995 P.2d at 1008 (citing Restatement (Second) Conflict of Laws § 146)).  The Court finds that the Restatement factors favor the application of

Montana law. Plaintiff's injury occurred in Montana. Although the G2 Filter and associated warnings were developed and written in Arizona, the filter was marketed and sold in Montana, and the warnings were provided to the implanting physician in Montana. The specific grounds for Plaintiff's claims of actual or constructive fraud are interactions between Bard and Dr. Craig in Montana. Though neither of the parties are domiciled in Montana, this factor is neutralized because the injury occurred in Montana: "the purpose of Montana product liability law is to regulate product sales in Montana and to compensate injured Montanans. Clearly, that concern arises as soon as a product is either sold in Montana or causes injury to a Montana resident. Consequently, the relevant residence of the plaintiff is the residence at the time of injury." *Phillips*, 995 P.2d at 1013. These factors, on balance, favor the application of Montana law.

The place of manufacture in products liability cases is of diminished importance under Montana law. The *Phillips* Court explained:

> The conclusion that the place of manufacture is a relatively unimportant factor in a product liability case is obvious when we consider a hypothetical case in which all of the relevant contacts are in the forum state except the location of the manufacturer (most likely the fact pattern for the vast majority of product liability cases). Applying the law of the place of manufacture to that case simply because the product was manufactured out-of-state would allow a state with a high concentration of industry to capture all of the benefits of a high threshold of liability and a low level of compensation. Specifically, the manufacturing state could enjoy the benefits associated with liability laws which favored manufacturers in order to attract and retain manufacturing firms and encourage business within its borders while placing the costs of its legislative decision, in the form of less tort compensation, on the shoulders of

4

nonresidents injured by its manufacturers' products.  This seems inherently unfair.

995 P.2d at 1012.  This consideration again favors the application of Montana law.

Finally, considering the principles of § 6, the Court concludes that the application of Montana law regarding punitive damages best serves the administration of justice.  Applying Montana law raises no risk of uncertain, unpredictable, or inconsistent results because a party reaching into Montana and conducting business knows that Montana's laws will apply.  Rather, it protects the justified expectations of the parties, and the citizens of Montana in particular because it protects their right to have tortfeasors punished if their conduct warrants punitive damages.  Defendants should reasonably expect to be subject to regulating laws in the states where they market their filters.

C. *Summary Judgment Regarding Punitive Damages*

Defendants contend that under Montana law, Plaintiff has not created a genuine issue of material fact on her fraud-based claims, and accordingly summary judgment should be granted in Defendant's favor on the issue of punitive damages. (Doc. 119 at 23).  The Court has already determined that Plaintiff has sufficiently supported her fraud claims to create an issue of fact.  (*See* Doc. 276 at 16-18).  If the fact-finder determines that Defendants committed actual fraud by clear and convincing evidence, then punitive damages may be awarded.  In that instance, in accordance with Montana law, the punitive damages determination will be

bifurcated from the liability phase of the trial. *See* Mont. Code Ann. § 27-1-221.

Montana's punitive damages cap will apply and will be divided jointly between the

Defendants. *See* Mont. Code Ann. § 27-1-220(3); *Hull v. Ability Ins. Co.*, U.S.

Dist. LEXIS 173487 at *7, 17-18, 24 (D. Mont. 2012).

## III.   Conclusion

Defendant's Motion (Doc. 119) is DENIED.  Montana law will govern the

application of punitive damages.

DATED this 20 day of January, 2023.

SUSAN P. WATTERS
United States District Judge

6