IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MARIA DALBOTTEN,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>C. R. BARD, INC. and BARD PERIPHERAL VASCULAR, INC.,<br><br>　　　　　　　Defendants. | Case No. 1:20-cv-00034-SPW<br><br>**ORDER ON DEFENDANTS' MOTION TO EXCLUDE OR LIMIT OPINIONS OF WILLIAM T. KUO, M.D.** |

Before the Court is Defendants C.R. Bard, Inc. and Bard Peripheral Vascular, Inc.'s Motion to Exclude or Limit Opinions and Testimony of William T. Kuo, M.D. (Doc. 106). Bard seeks to limit Dr. Kuo's testimony under Federal Rules of Evidence 403 and 702, asserting that Dr. Kuo is unqualified to offer certain opinions and that several of his opinions are significantly unfairly prejudicial. (Doc. 107 at 3-4). For the following reasons, the motion is granted in part and denied in part.

I.　**Background**

Dr. Kuo is an interventional radiologist with Stanford University Medical Center in Stanford, CA. (Doc. 107-1 at 10). He consulted on and completed Plaintiff Maria Dalbotten's IVC filter removal surgery on March 3 and 4, 2016, respectively. *Id.* Prior to the surgery, he reviewed CT scans of Dalbotten and

1

interpreted them to show the G2 filter had penetrated, fractured, and a fragment had embolized in Dalbotten's right ventricle ("RV"). *Id.*

Defendants seek to preclude his testimony in four areas. (Doc. 107 at 9). They argue that Dr. Kuo's opinions regarding a causal link between Dalbotten's embolized fragment and her pericardial effusion are unsupported and speculative, as well as unfairly prejudicial. (Doc. 107 at 11-13). They argue that Dr. Kuo's opinion that the RV fragment "could also explain some of [Dalbotten's] chest pain over the years" as beyond the scope of treatment and speculative. (Doc. 107 at 15). They assert that any testimony regarding a differential diagnosis should be excluded because Dr. Kuo did not perform such a diagnosis. (Doc. 107 at 18). Finally, they argue that Dr. Kuo should not be permitted to testify regarding any studies or research, asserting that such testimony would be beyond the scope of his treatment. (Doc. 107 at 19).

Plaintiff agrees that she will not elicit testimony in the latter two categories, therefore Defendants' motion is granted on those two issues. (Doc. 135 at 11). The Court will address the two contested issues.

## II. Legal Standards

A witness can testify on matters of which they have personal knowledge. Fed. R. Evid. 602. A lay witness may only testify in the form of an opinion if it is rationally based on the witness's perception, helpful in understanding testimony or

determining a fact at issue, and not based on specialized knowledge. Fed. R. Evid. 701. A witness can testify as an expert and offer opinions on matters where they posses specialized knowledge, skill, experience, training, or education. Fed. R. Evid. 702. The Ninth Circuit has held that a treating physician is exempt from the expert witness disclosure rules to the extent that their opinion was formed during the course of treatment, rather than formed to provide expert testimony. *Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 819 (9th Cir. 2011).

To exclude evidence under Federal Rule of Evidence 403, the evidence's probative value must be substantially outweighed by a danger of unfair prejudice, confusion, undue delay, or wasting time. Unfair prejudice in the context of the rule means an undue tendency to suggest decision on an improper basis. Fed. R. Evid. 403 advisory committee's notes.

### III. Analysis

Defendants seek exclusion of Dr. Kuo's testimony possibly linking the RV fragment to Dalbotten's pericardial effusion on the grounds that it is unsupported and speculative, and therefore barred by Rule 702. (Doc. 107 at 11). They further argue that any probative value of such testimony is outweighed by a risk of unfair prejudice. (Doc. 107 at 13). Plaintiff responds that Defendants misunderstand or misstate the scope of Dr. Kuo's testimony and that any causation testimony that went beyond the scope of treatment was elicited by defense counsel during Dr.

3

Kuo's deposition. (Doc. 135 at 4). Plaintiff also states she will not offer causation testimony beyond what is in Dr. Kuo's medical records. (Doc. 135 at 4).

After reviewing Dr. Kuo's allegedly speculative statements, the Court concludes that they are permissible. "A treating physician's opinion on matters such as causation, future treatment, extent of disability and the like are part of the ordinary care of a patient." *St. Vincent v. Werner Enters., Inc.*, 267 F.R.D. 344, 345 (D. Mont. 2010). A treating physician may give an opinion as to the cause of injury or degree of injury in the future, "if properly based on personal knowledge, history, treatment of the patient, and facts of his or her examination and diagnosis." *Id.*

Dr. Kuo, when discussing the possibility of a fracture in 2008, was reviewing the medical records before him in order to provide treatment. This is not the kind of testimony reserved only for experts. Instead, this represents the prudent practice of medicine. It appears that Dr. Kuo was investigating factors that would bear directly on the removal procedure.

The testimony is also not unfairly prejudicial. Defendants merely state that it would "expose Bard to risk of unfair prejudice," apparently because Bard does not consider it to be strong or persuasive. (Doc. 107 at 13). This is not the type of unfair prejudice barred by Rule 403 (to the extent that there is anything unfair about the proposed testimony whatsoever). It is not an emotional appeal and does

4

not incite the passions of the jury. It is not unduly confusing or dilatory. It is only prejudicial to the extent that it harms Defendants' case. The motion is denied as to this issue.

Defendants next argue that Dr. Kuo's statement that the RV fragment "could also explain some of [Dalbotten's] chest pain over the years" as beyond the scope of treatment and speculative. The Court disagrees. The statement is contained verbatim in the medical records. (Doc. 135-1 at 3). This proposed area of testimony is not beyond the care, treatment, and prognosis of the patient. The relationship between Dalbotten's chest pain over the years and the presence of an impaled filter fragment is well within Dr. Kuo's treatment. The motion is denied as to this issue.

## IV. Conclusion

For the reasons stated herein, Defendants' Motion to Exclude or Limit Opinions and Testimony of William T. Kuo, M.D. (Doc. 106) is GRANTED IN PART and DENIED IN PART.

DATED this 31st day of January, 2023.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge