IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MARIA DALBOTTEN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>C. R. BARD, INC. and BARD PERIPHERAL VASCULAR, INC.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-00034-SPW<br><br>**ORDER ON DEFENDANTS' MOTION IN LIMINE TO EXCLUDE TESTIMONY AND EVIDENCE OF ROBERT CARR'S "BUFFET LINE" AND "I82 MUCH" EMAILS** |

　　　　Before the Court is Defendants C.R. Bard, Inc. and Bard Peripheral Vascular, Inc.'s Motion in Limine to Exclude Testimony and Evidence of Robert Carr's "Buffet Line" and "I82 Much" Emails. (Doc. 181). In 2004, Carr, a Bard employee, sent two emails making jokes about staying away from the buffet line. (Doc. 182-1 and 182-3). One in response to another employee's concerns regarding complications after bariatric surgery and another about heart problem insurance billing codes ("I82MUCH—Chronic Buffeting"). Bard seeks to exclude these emails under Federal Rules of Evidence 402 and 403. (Doc. 182 at 5). Relevant evidence is evidence that makes a fact of consequence to the action more or less probable. Fed. R. Evid. 401. Rule 402 bars irrelevant evidence and Rule 403 bars evidence where the probative value of the evidence is substantially outweighed by the risk of unfair prejudice. Unfair prejudice in the context of the

1

rule means an undue tendency to suggest decision on an improper basis. Fed. R. Evid. 403 advisory committee's notes.

Plaintiff asserts that these emails are relevant because they demonstrate the foreseeability of the risks of the Recovery filter and therefore relate to Plaintiff's warning claims. (Doc. 219 at 4-5).

The Court finds that the minimal relevance of these two emails is substantially outweighed by the risk of unfair prejudice. The emails are not particularly relevant. They are internal emails and seem to be jokes, albeit made in poor taste. They do not particularly move the needle regarding any consequential fact. The emails carry a high risk of prejudice. They are jokes made at the expense of Bard's users and seem to blame the people who need IVC filters for their health conditions, reducing complex medical causation issues to simple gluttony. A jury member could find this evidence inflammatory enough to result in a verdict based on emotion and not the evidence and the law, which would be improper. As such, the Court finds that the emails should be excluded under Rule 403. The motion (Doc. 181) is GRANTED.

DATED this 1ST day of February, 2023.

SUSAN P. WATTERS
United States District Judge

2