IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MARIA DALBOTTEN,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>C. R. BARD, INC. and BARD PERIPHERAL VASCULAR, INC.,<br><br>　　　　　　Defendants. | Case No. 1:20-cv-00034-SPW<br><br>**ORDER ON DEFENDANTS' MOTION IN LIMINE TO EXCLUDE STATEMENTS MADE BY ALEXA MARTIN, PA-C** |

Before the Court is Defendants C.R. Bard, Inc. and Bard Peripheral Vascular, Inc.'s Motion in Limine to Exclude Statements Made by Alexa Martin, PA-C. (Doc. 191). Defendants seek to exclude Martin's statement that a Bard representative told her in October 2006 that Plaintiff Maria Dalbotten's filter was not recommended to be removed. (Doc. 192 at 10; Doc. 216-5 at 1).

Defendants assert that Plaintiff has not provided any evidence that the statement was made by a Bard representative and that the statement is hearsay without exception, and accordingly should be barred under Federal Rule of Evidence 802. (Doc. 192 at 10-11). Plaintiff responds that she does not intend to offer the statement for the truth of the matter, but rather for its effect on the listeners (Dalbotten and her mother) to demonstrate why Dalbotten did not seek to have the filter removed for many years after the visit. (Doc. 216 at 3).

1

Alternatively, Plaintiff asserts that the statement is admissible even if it is hearsay because it is a statement by a party representative. (Doc. 216 at 9).

The Court agrees with Plaintiff that the statement is not hearsay because it is not being offered for the truth of the matter. To constitute hearsay, a party must offer the statement for the truth of the matter asserted in the statement. Fed. R. Evid. 801(c)(1). Plaintiff states that she will only be offering the statement to explain why Dalbotten and her mother did not seek to have the filter removed at the time. The statement is not being presented as proof regarding whether the G2 filter implanted in Dalbotten was intended to be removed, but to explain why she did not seek to have the filter removed in 2006 or soon after. (Doc. 216 at 9). Accordingly, the statement is admissible for that purpose.

Defendants also argue that the statement should be excluded under Federal Rule of Evidence 403, because its probative value is substantially outweighed by its potential for unfair prejudice. (Doc. 192 at 13). Defendants claim that the statements are prejudicial because they were made by an unnamed and unknown purported Bard representative, whom they cannot cross-examine or determine the veracity of the statement. (Doc. 192 at 14). There is no unfair prejudice. The veracity of the statement is not at issue because the statement it not being presented for the truth of the matter. Rule 403 does not bar the introduction of Martin's statement. The motion (Doc. 191) is DENIED.

DATED this 2nd day of February, 2023.

                                              SUSAN P. WATTERS
                                              United States District Judge