IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MARIA DALBOTTEN,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>C. R. BARD, INC. and BARD PERIPHERAL VASCULAR, INC.,<br><br>　　　　　　　Defendants. | Case No. 1:20-cv-00034-SPW<br><br>**ORDER ON DEFENDANTS' MOTION IN LIMINE TO EXCLUDE RECOVERY FILTER MARKETING, COMMUNICATIONS, AND OTHER PURPORTED PROPENSITY EVIDENCE** |

Before the Court is Defendants C.R. Bard, Inc. and Bard Peripheral Vascular, Inc.'s Motion in Limine to Exclude Recovery Filter Marketing, Communications, and Other Purported Propensity Evidence. (Doc. 195). Defendants seek to exclude any evidence concerning another Bard filter, the Recovery filter, as irrelevant and inadmissible propensity evidence under Federal Rules of Evidence 402 and 404(b). (Doc. 196 at 7).

Specifically, Defendants assert that the following evidence be excluded: (1) a crisis communications plan created to guide Bard's media approach regarding Recovery filter-related deaths; (2) sales communiques provided by Bard to its sales force regarding Recovery filter migration deaths; and (3) an email between two employees referencing how one held together a "terrible situation [regarding the Recovery filter deaths]" with "scotch tape, smoke, mirrors, crying, etc." (Doc. 196

1

at 8-12). In addition to the briefing, Defendants provided the supplemental authority of Judge Shelly D. Dick's order on the same issue in another Bard G2 filter lawsuit in the U.S. District Court of the Middle District of Louisiana. (Doc. 282-1).

Plaintiff argues that it is relevant because "Bard covered up negative performance evidence of G2's predicate Recovery filter to protect its reputation, image, and credibility, which it understood would affect its goals to grow and maintain market share and profit with the G2 filter." (Doc. 217 at 4).

The Court agrees with Defendants and Judge Dick. This evidence does not relate to whether the G2 filter was properly designed or accompanied by adequate warnings because it solely relates to the previous Bard filter, the Recovery. The inclusion of the evidence would only serve to impermissibly suggest that Bard is likely to have acted similarly regarding the G2 filter's alleged problems. This constitutes propensity evidence and is therefore barred by Rule 404. Knowledge and intent are relevant as to the G2 filter, but not to the Recovery filter.

To the extent that Plaintiff argues that the evidence regarding the Recovery is relevant because it impacted the G2 design history, the Court also agrees with Judge Dick that such evidence is excludable under Federal Rule of Evidence 403 because its probative value is substantially outweighed by its potential unfair prejudicial effect. (*See* Doc. 282-1 at 8). The evidence is inflammatory and

emotional, and the Court finds it could tempt the jury to use the evidence for impermissible reasons, even with a curative instruction. Finally, as Judge Dick noted, this order should not be construed as barring Plaintiff from establishing the G2 filter's design history through other means besides the marketing communications.

    Defendants' motion (Doc. 195) is GRANTED.

DATED this 6th day of February, 2023.

*/s/ Susan P. Watters*
SUSAN P. WATTERS
United States District Judge