IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MARIA DALBOTTEN,<br><br>           Plaintiff,<br><br>v.<br><br>C. R. BARD, INC. and BARD PERIPHERAL VASCULAR, INC.,<br><br>           Defendants. | Case No. 1:20-cv-00034-SPW<br><br>**ORDER ON DEFENDANTS' MOTION IN LIMINE TO EXCLUDE BARD'S "PRODUCT OPPORTUNITY APPRAISAL" DOCUMENTS** |

Before the Court is Defendants C.R. Bard, Inc. and Bard Peripheral Vascular, Inc.'s Motion in Limine to Exclude Bard's "Product Opportunity Appraisal" Documents. (Doc. 199). The Product Opportunity Appraisal ("POA") documents are items generated by Bard's business and marketing professionals surveying the market and generating ideas for potential new products. (Doc. 200 at 3). The two specific documents that Defendants seek to exclude are POAs relating to the Recovery filter (Doc. 200-1) and the G2 Platinum filter (Doc. 200-2). Plaintiff Maria Dalbotten was implanted with a standard G2 filter.

The POAs examine the market for new filter devices and make a series of estimates regarding competitors' market share, market positioning and timing, the "regulatory path" that will apply to the new product, and the potential financial upsides of the new device. (*See* Docs. 200-1 and 200-2).

1

Defendants assert that the POA documents should be excluded under Federal Rules of Evidence 401, 402, and 403 as irrelevant and unfairly prejudicial. (Doc. 200 at 6). Plaintiff argues that the documents are relevant to her fraud claims and potential punitive damages because they provide evidence of "knowledge, motive, and conduct." (Doc. 212 at 6).

The Court has reviewed the documents and agrees with Defendants that the POA documents are irrelevant. The documents do not relate to the G2 filter that Plaintiff was implanted with; they concern other Bard filters that are not at issue in this case. To succeed on her fraud claims, Plaintiff must prove, among other things, that Bard communicated false information about the G2 filter to Plaintiff or her intermediaries. The POA documents relate to filters other than the one implanted in Plaintiff. They are speculative documents regarding the market and potential profitability of new types of filters. The Court does not see how they could be relevant to Plaintiff's claims regarding the G2 filter.

Plaintiff argues that it demonstrates Bard's knowledge and intent to sell products using any means necessary, including taking shortcuts or misleading doctors. (Doc. 212 at 5). This is irrelevant to whether Bard acted appropriately in its conduct relating to the G2 filter. Furthermore, this argument raises another problem with the evidence beyond its relevance—it appears to be character or propensity evidence, which is barred by Federal Rule of Evidence 404.

Plaintiff also argues that the POA documents were admitted in the *Booker* bellweather case in which a jury awarded punitive damages and the award was upheld on appeal. *In Re Bard IVC Filters Product Liability Litigation, Sherr-Una Booker v. C.R. Bard, Inc. and Bard Peripheral Vascular, Inc.*, 969 F.3d 1067 (9th Cir. 2020). The Court has reviewed the *Booker* appeal and the appeal does not mention the POA documents. *Id.* Consequently, reference to the *Booker* appeal is not helpful or persuasive.

The POAs are irrelevant and therefore shall be excluded under Rule 402. Defendants' motion (Doc. 199) is GRANTED.

DATED this 6th day of February, 2023.

SUSAN P. WATTERS
United States District Judge