IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MARIA DALBOTTEN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>C. R. BARD, INC. and BARD<br>PERIPHERAL VASCULAR, INC.,<br><br>　　　　　Defendants. | 1:20-cv-00034-SPW<br><br>ORDER |

Before the Court is Plaintiff Maria Dalbotten's Combined Motions in Limine. (Doc. 242). For the following reasons, the Court grants the motion in full.

**I.   Legal Standard**

*A. Motion in Limine*

A motion in limine is a procedural mechanism to limit in advance specific testimony or evidence. *Frost v. BNSF Ry. Co.*, 218 F. Supp. 3d 1122, 1133 (D. Mont. 2016). The Court only will grant a motion in limine if the contested evidence is inadmissible on all potential grounds. *Id.* In ruling on motions in limine, the Court retains wide discretion. *Id.*

*B. Relevance*

Evidence must be relevant to be admissible. Fed. R. Evid. 402. Evidence is relevant if (1) it has a tendency to make a fact more or less probable than it would

1

be without the evidence, and (2) the fact is of consequence in determining the action. Fed. R. Evid. 401.

**II. Analysis**

*A. Assumption of the Risk*

Plaintiff requests that the Court prohibit Defendants from suggesting that Plaintiff assumed the risk of the G2 IVC filter product defect and failure. (Doc. 243 at 2). At summary judgment, Defendants conceded that assumption of the risk was not a proper defense and withdrew it. (Doc. 141 at 2). Defendants nevertheless contend that *Lutz* allows evidence of assumption of the risk at trial, even if such evidence is insufficient to create a jury issue. (Doc. 252 at 2 (citing *Lutz v. Nat'l Crane Corp.*, 884 P.2d 455 (Mont. 1994))).

Because Defendants withdrew the defense of assumption of the risk at summary judgment, any evidence related to assumption of the risk is irrelevant. Further, *Lutz* is distinguishable because the defendant had not withdrawn their assumption of the risk defense prior to trial, and its applicability had not been resolved on summary judgment, as is the case here. The Court grants the motion.

*B. Misuse*

Plaintiff next requests the Court prohibit Defendants from asserting as a defense that Plaintiff misused the G2 INVC filter. (Doc. 243 at 2-3). At summary

judgment, Defendants conceded the defense was not proper and withdrew it. (Doc. 141 at 2). As such, any evidence would be irrelevant in this matter.

Defendants argue that, despite granting the motion, the Court should still allow them to offer evidence and argument of otherwise admissible facts and events related to causation. As Defendants acknowledge, Plaintiff's motion regarding misuse is "properly limited to Bard's affirmative defense," so the Court has no grounds to rule on this request now. (Doc. 252 at 3). The Court grants the motion.

## C. *Third Party Conduct/Empty Chair Defense*

Plaintiff next seeks to exclude evidence directed at conduct of a nonparty, or implications of the "empty chair defense." (Doc. 243 at 3). Defendants already have conceded that nonparty fault and conduct is not a proper defense in the case. However, Defendants argue in their response that they can introduce evidence of nonparty conduct in order to negate Plaintiff's case of causation. (Doc. 252 at 3).

Plaintiffs are correct that since the empty chair defense is prohibited under Montana law and Defendants withdrew the defense at summary judgment, any evidence implicating the defense is irrelevant and inadmissible. Defendants are also correct that they can introduce evidence of third-party conduct to show "what happened in the incident, the background facts leading to the incident, or to rebut Plaintiff's claim that one or more of the alleged defects was a substantial factor in bringing about" Plaintiff's injuries. *Bell v. Glock, Inc.*, 92 F. Supp. 2d 1067, 1070

3

(D. Mont. 2000). However, Montana law is clear that Defendants cannot negate the causation element "by introducing evidence or arguing that the conduct of unnamed third parties were the real cause of Plaintiff's injury." *Id.* Accordingly, the Court grants the motion within the confines of Montana law, as explained in *Bell*.

### D. Collateral Sources

Plaintiff next moves to exclude evidence of her receipt of payments from collateral sources. (Doc. 243 at 3-4). Defendants agree that such evidence is not admissible but assert that evidence of the actual amount Plaintiff paid for medical treatment is relevant because Plaintiff is not entitled to recover medical expenses in excess of the amount she actually paid. (Doc. 252 at 4).

Defendants' objection centers on the admissibility of certain evidence in determining the <u>amount</u> of damages to which Plaintiff is entitled. That is different from evidence of collateral sources. Under Montana law, the jury first determines its award without consideration of any collateral sources. Mont. Code Ann. § 27-1-308(3). Once the jury issues its verdict, the judge reduces the award based on evidence of the existence of and amount paid by collateral sources presented at a separate hearing. *Id.* As such, evidence of collateral sources at trial before the jury issues its verdict is inadmissible, and the Court grants the motion.

### E. *Worker's Compensation Settlement*

Plaintiff next requests the Court prohibit Defendants from introducing evidence of other settlement awards to Plaintiff, specifically her settlement with the Montana State Fund concerning her workers' compensation entitlement. (Doc. 243 at 4). Defendants generally agree but contend they should be able to introduce such evidence if Plaintiff opens the door to it. (Doc. 252 at 6-7).

Defendants' objection is generally addressed by the Rules of Evidence, and any objection on that ground will be addressed by the Court at trial. However, it is not a basis to deny the motion. As such, the Court grants the motion.

### F. *Employment of Attorneys*

Plaintiff next moves to exclude evidence of the circumstances of her hiring attorneys for this litigation because, under Montana law, evidence of hiring attorneys to show litigiousness is inadmissible. (Doc. 243 at 5). Defendants agree not to argue that Plaintiff's retention of counsel indicates that she fabricated her injuries but seek to retain specific arguments that Plaintiff failed to exercise due diligence regarding the statute of limitations. (Doc. 252 at 8). Defendants also assert such evidence is relevant to certain medical treatment. (*Id.*).

Defendants' response is without authority. The Court grants the motion.

5

### G. Appeals to Cynicism About Plaintiffs

Plaintiff next moves to preclude Defendants from introducing evidence related to cynicism about the legal system, lawsuits, and plaintiffs' attorneys, namely that Plaintiff's case is just an attempt to get rich off nonexistent injuries. (Doc. 243 at 5-6). Defendants agree that presentation of such evidence or arguments is improper but seek to reserve the right to rebut claims made by Plaintiffs that are unsupported by the facts. (Doc. 252 at 8-9).

Defendants' objection is generally addressed by the Rules of Evidence, and any objection on that ground will be addressed by the Court at trial. However, it is not a basis to deny the motion. As such, the Court grants the motion.

### H. Secondary Gain

Plaintiff lastly moves to prohibit evidence and arguments that Plaintiff is motivated by secondary gain in bringing this action. (Doc. 243 at 6). Defendants largely repeat their argument concerning cynicism about plaintiffs. (Doc. 252 at 9). Likewise, the Court grants the motion.

### III. Conclusion

For these reasons, Plaintiff Maria Dalbotten's Combined Motions in Limine (Doc. 242) are GRANTED.

6

DATED this 7th day of February, 2023.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Court Judge